116]                    *COWDEN v. STEVENSON.

Scire facias—order to quash writ—appeal—final judgment—two nihils—
                              service.

An appeal lies from the Court of Common Pleas, in all cases of final judgment,
   or order, which disposes of the subject.   An appeal lies from an order quash-
   ing a writ.
A scire facias must issue in the county where the record is, and cannot be sent
   into another county for execution, without special provision of law.
Two nihils returned to a scire facias, are held equivalent to services where the
   legislature has made no provision requiring other service.

APPEAL from the Common Pleas.   This was a scire facias to ob-
tain restitution of money collected upon a judgment, afterwards
reversed.   It was issued in Jefferson, directed to the sheriff of Tus-
carawas county.   The Court of Common Pleas quashed the writ,
because it issued erroneously.   From this order to quash, the appeal
is taken.

D. L. Collier, for the defendant, moved to quash the appeal, be-
cause the order quashing the writ is not a *judgment* from which an
appeal lies.   2d, To quash the writ, if the appeal is sustained.

Tappan, contra.

BY THE COURT.   The 108th section of the practice act of 29
O. L. 78, gives the appeal, in civil cases, from any judgment or de-
cree of the Court of Common Pleas, in any case in which that
Court has original jurisdiction.   The practice under this law is only
to allow appeals from *final* judgments, or those judgments which
dispose of the subject matter before the court.   This seems to us a
case of that description.   But that can make little difference to the
plaintiff; for if the appeal be sustained, the writ must be quashed.
The writ of scire facias can only be issued in the court where the
record is; but the legislature has made no provision for directing a
writ in a case situated as this is, to another county for service; nor
is it absolutely necessary they should, for, in all cases of scire facias,
two nihils, in practice, are held equal to service, and to authorize the
court to proceed to judgment, unless there is special provision made
for other service.

The appeal is sustained, but the writ is quashed at the plaintiff's
costs.