## WILSON v. STATE.

47  199
174  388
75  308

1. DONATION TITLE: *Obtained by fraud as to improvement.*

A donee, in making the required improvement necessary to perfect his title to donated land, by mistake made it on an adjoining tract, not the property of the state, and then filed with the land commissioner the required certificate of a justice of the peace, of the improvement, and obtained his deed. The state sued in equity to vacate the deed for fraud. Held: That though no fraud was intended, it was a fraud to obtain the title on the false though honest certificate, and a court of equity had power to vacate the deed at the instance of the state.

Wilson v. State.

2. SAME: *Same.*

No one but the state can complain that the donee has not made the improvements required to secure title to donated land.

APPEAL from *Dorsey* Circuit Court in Chancery.
Hon. JOHN M. BRADLEY, Circuit Judge.

The Appellant *pro se.*

There is no evidence of fraud, and none to show that appellant did not act in good faith. The justice's certificate was filed as required by *Sec. 3894, Gantt's Dig.* The certificate is evidence that the donee has complied with the law. *Ib., secs. 3895, 3897.*

Even if the improvements are on a different tract, all the equities are in favor of appellant. He acted in good faith, paid the fees, had the county surveyor survey the land before making the improvement, and has paid taxes for eight or ten years. At the most, it was an *honest* mistake, which the state should not take advantage of, to his injury.

*Dan W. Jones,* Attorney General, and *W. P. Stephens,* for Appellee.

The deed was executed under *Secs. 4252, et seq., Mansf. Dig.*

Fraud avoids *ab initio. Kerr on Fraud, etc., 41, 152; 22 Ark., 517.* And especially so when donation deeds are procured by fraud, as " these donations are matters of grace." *40 Ark., 246.*

Even though there was no fraud, the donee was guilty of the grossest negligence, which amounted to fraud. But without any regard to their policy or necessity, the donee must comply with the statutory conditions of the grant. *40 Ark., 246.*

The evidence shows: 1. No improvements made upon the land. 2. What improvements were made were upon the land of another. The certificate of the justice was *false*.

COCKRILL, C. J. This is a suit in equity, by the state, to cancel a donation deed executed by the proper state authority to the appellant, who was defendant below. The basis of the proceeding was, that the donee had not made the improvements the statute required to be put upon the land before the title could vest in him. He had complied with the statutory requirements in making his proof before the land department, by filing in the proper office the certificate of a justice of the peace in due form to the effect that the necessary improvements had been made upon the land; but the evidence adduced upon the hearing, convinced the trial judge that the certificate of the justice was, in fact, false. A decree was accordingly entered canceling the deed and re-vesting the title to the lands conveyed in the state. The donee appealed.

It is very clearly established by the proof, that the improvements which the statute requires to be completed before the applicant's right to the donation could become perfect, were not, in fact, made upon the land covered by his application for donation. He appears to have mistaken the lines that bounded the tract he wished to secure, and expended his labor in an attempt at a compliance with the law in improving an adjoining tract. Neither the county surveyor, nor the unofficial surveyor, who testified in the case, both of whom had run the lines recently for the purpose of locating the improvements, was able to place more than a half acre of the improved land upon the donated tract. The other improvements, such as they are, are on lands not claimed by the state.

The justice of the peace who made the original proof of improvements for the donee, testified that he knew nothing of the section lines, and intended to certify only that the improve-

ments pointed out to him at the time, were sufficient to satisfy the donation law.

The appellant's mistake in putting his improvements on the wrong land, was, doubtless, an honest one; and the contention is, that his good faith in the matter should protect his title. His good faith, if proved to the satisfaction of the land department, might cause his application for a purchase or re-donation of the land to be recognized as superior to that of other applicants, but it cannot be held to vest in him a title to land which he has not otherwise acquired a right to. It is the policy of the state to settle its waste lands and encourage the development of its agricultural resources. The donation laws aim to aid in the accomplishment of that end by helping those to a title who in good faith improve the state's lands to the extent pointed out in the statutes. But donations are matters of grace on the part of the state, and the conditions upon which they are made and accepted must be strictly complied with, before the applicant can claim the gratuity. *McCauley v. Six, 40 Ark., 244.* We need not inquire whether there was an attempt on the part of the appellant to make such a permanent *bona fide* improvement as the law required. The proof is conflicting upon that point. But however it may be, the improvements made were not upon the donated lands; the public domain has not been improved, and as far as the state is concerned it is as though no improvements had been made. The certificate of the justice of the peace on which the donee's rights are founded, is therefore untrue. By this false pretense the state was induced to part with her title, and a fraud was thereby committed upon her, whether the parties were wilfully guilty of it or not. *Lytle v. Arkansas, 22 How., 193; .S. C., 17 Ark., 608.*

If the state had been content to overlook or condone the fraud, no one could have questioned the donee's title on that score, for in all controversies, except as against her, the donee

is regarded as the owner. *Ratcliff v. Scruggs, 46 Ark.; Steele v. Smelting Co., 106 U. S., 449, 453.* But the state has not seen fit to permit the wrong to go unchallenged, and the right of the courts to overturn the acts of public officers so peculiarly liable to the influence of frauds, false swearing and mistakes, in a direct proceeding for the purpose, is among the most ancient and well established grounds of equity jurisdiction. *Lytle v. Ark., supra; Rector v. Gibbon, 111 U. S., 290.*

Let the decree be affirmed.