## PARR V. MATTHEWS.

1. **TAXES:** *Illegal levy.*

A county tax levied in July, 1869, for the year 1868, was without authority of law, as the only power the county court had to levy taxes for 1868, was conferred by the act of July 23, 1868, and that act provided that such power should expire with the year in which it was given.

2. **TAX SALES:** *Illegal levy: Presumptions.*

Land was sold in December, 1869, for the taxes of 1868, including a county tax of one per cent., which, under the provisions of the act of July, 23, 1868, there was no power to levy after the expiration of that year. In an action to cancel the purchaser's deed, it was proved by the record of the county court, that a county tax of one per cent. was levied for 1868 in July, 1869. *Held:* That it will not be presumed that such levy was was made at a date different from that proved by the record and as it was without authority of law if made then, the proof was sufficient to rebut the presumption raised by the deed that the tax was levied according to law, and to avoid the sale in the absence of proof by the purchaser, that a similar tax was legally assessed.

3. **SAME:** *Same. Lapse of time.*

Proof that land was sold for an illegal tax will invalidate the purchaser's deed, and the defect in his title will not be cured by the mere lapse of time unaccompanied by possession of the land.

APPEAL from *Lawrence* Circuit Court.

R. H. POWELL, Judge.

*W. R. Coody* and *John K. Gibson* for appellants.

There was no adverse possession by appellee to give title under a void tax deed by limitation of seven years. 45 *Ark.*, 89. His only defence was the two years' limitation under act April 8, 1869, Sec. 138, and July 23, 1868. This act was construed in *Ratcliffe v. Scruggs,* 46 *Ark.,* 104-5, to refer alone to *formal irregularities* not prejudicial to the owner.

But the defects in this case are fundamental and jurisdictional affecting the *power* to levy the tax or sell the land.

The court properly found the tax deed void, and it should have cancelled it and quieted the title of *all* the plaintiffs. The tax deed was void because,

1. There was no assessment of the land or levy of a tax for 1868. 31 *Ark.*, 341 ; 47 *Id.*, 329 ; *Acts July* 23, 1868,

*sec.* 84. The Act February 19, 1869, was merely supplemental to the Act July 23, 1868, and both were repealed by act April 8, 1869, but continued in force for the *collection* of taxes of 1868 alone. 34 *Ark.*, 589. A tax levied in 1869 by a special term of the county court for the year 1868 was void. *Acts* 1868, *p.* 284, *sec.* 84; 27 *Ark.*, 417–18.

2. The act of February 19, 1869, did not authorize the county court to levy a tax for 1868; it only provided for its *collection*. The tax of one per cent. was therefore without legislative authority and void, and avoided the sale. 32 *Ark.*, 138; 42 *Id.*, 100; 29 *Id.*, 342.

See also as to other irregularities in the levy and sale. 29 *Ark.*, 489; 32 *Id.*, 31; 47 *Id.*. 300; 33 *Id.*, 748; 24 *Id.*, 459; 31 *Id.*, 491; 14 *Id.*, 410; 30 *Id.*, 739.


COCKRILL, C. J. This is a suit to quiet title. The complaint was filed by the Parrs to cancel a tax deed held by Matthews. The court found that the title to the land was in the plaintiffs, unless it was divested by the tax deed ; that the tax deed was good on its face but void in fact ; that the land was wild and unimproved ; that the defendant, the purchaser at tax sale, had never been in possession, but had paid the taxes for the years subsequent to his purchase ; and it was decreed that the adult plaintiffs were barred of their remedy and that the minor plaintiff should be permitted to redeem. The plaintiffs appealed.

The court's finding of facts is sustained by the proof.

The land was sold in December, 1869, for the taxes of 1868. The tax proceedings were had under the act of February 19, 1869—an act passed in aid of the revenue law of July 23, 1868. *Pack v. Crawford,* 29 *Ark.*, 492; *Cole v. Moore,* 34 *Id.*, 582 ; *Hickman v. Kempner,* 35 *Id.*, 505.

The assessor caused his return of the assessment of real property to be filed by the county clerk on the 9th of June,

1869. The county court met within 15 days thereafter, as the act required, to equalize the assessments, and after a series of adjournments, on the 15th of July, 1869, ordered that a tax of one per cent. for county purposes be laid upon the taxable property, presumably for the year 1868. There was no evidence of the levy of any other taxes for that year. But as the act makes the tax deed *prima facie* evidence of title in the grantee, the presumption is induulged, in the absence of controverting evidence, that the taxes were laid according to law. The supplemental act of February 19, 1869, makes no provision for the levy of taxes. That power was governed, at that time, by the act of July 23, 1868 When the supplemental act was passed, it seems to have been taken for granted that the county courts had performed the duty of levying taxes as prescribed by the revenue law then in force, and the supplemental act was intended to authorize a subsequent assessment and collection of the taxes already levied. It was the policy of the revenue act of 1868 to cause the taxes to be laid before the property assessment was completed. The power to levy taxes for the year 1868 expired with that year by virtue of the 83d and 84th sections of the act of July 23. 1868. Moreover, that act and its supplement of 1869 were expressly repealed by the 159th section of the act of April 8, 1869, before the levy of the tax in question, but were continued in force for the sole purpose of *collecting* the taxes due for 1868. It follows that there was no legislative authority for the county court to lay taxes in July, 1869 for the year 1868. The county tax of one per cent. was therefore laid without authority of law and was an illegal exaction. The land in question was sold to collect state, county and other taxes. The county tax for which it was sold amounted to just one per cent. of its assessed value. In the absence of other evidence, we would indulge the presumption that this tax had been regularly

laid by the proper authority in the year 1868. But the record shows, as we have seen, that such a tax was levied in 1869 for 1868. It was the duty of the county court alone to perform this act, and when it is proved to have been done on one date, there is no presumption that it was done on another. It will not be presumed that the fact is otherwise than as proved by the record of the court adduced in evidence. *Galpin v. Page*, 18 *Wall.*, 364. The proof that the 3. SAME : *Same* county tax, for the non-payment of which the land appears Lapse of time. to have been sold, was illegally laid upon it, rebutted the presumption of regularity raised by the deed, and cast upon the tax purchaser the onus of showing, if he could, that a similar tax was legally assessed. No effort was made to do so. It follows that the land was sold for an illegal tax. That vitiated the deed. The bare lapse of time without possession, did not cure the defect. *Radcliffe v. Scruggs*, 46 *Ark.* 96.

The court should have cancelled the tax deed upon the payment of the taxes, &c., legally assessed against the land and the taxes subsequently paid by the purchaser.

Reverse the decree and remand the cause with instructions to enter such a decree.