THORNTON *v.* ST. LOUIS REFRIGERATOR & WOODEN GUTTER COMPANY.

Opinion delivered June 22, 1901.

1. DONATION DEED—CONSTRUCTIVE POSSESSION.—A donation deed executed by the state of Arkansas is *prima facie* evidence of title, and vests in the grantee constructive possession in the case of wild land; and this possession is actual for all the purposes of remedy until it is interrupted by an actual entry and adverse possession taken by another. (Page 426.)

2. TRESPASS—ADVERSE POSSESSION.—The occupancy that will defeat an action by the true owner of land against one having no right of possession for timber cut therefrom during its continuance, before the recovery of the land, must be actual possession by the occupant as his own property, held with a view to its permanent use for his own benefit, and not a mere temporary occupancy for the purpose of cutting and removing timber. (Page 428.)

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

*C. V. Murry* and *J. B. Moore,* for appellant.

The second, fourth and fifth instructions given for appellee were erroneous. The evidence does not make out a case of adverse possession. 24 Ark. 394; 40 Ark. 371; 49 Ark. 274.

*J. H. Crawford,* for appellee.

Appellee's first instruction was correct. Adverse possession is always a question for the jury, under proper instructions. 1

Thompson, Trials, § 1410. The second instruction for appellee was correct, also.    26 Ark. 256; 40 Ark. 238; 34 Ia. 564; 56 Ia. 381; 65 Mich. 670; 32 N. W. 889-891; 156 Ill. 71; 40 N. E. 71; 66 Ia. 684; 24 N. W. 275; 23 N. Car. 56; 152 Ill. 106; 38 N. E. 747; 11 La. 432.

BATTLE, J.    On the 27th day of August, 1898, Jobe Thornton brought this action against the St. Louis Refrigerator & Wooden Gutter Company and others to recover the value of certain timber converted by the defendants to their own use.    He alleged that he was the owner of a certain tract of land described in his complaint; that it was heavily timbered with oak, pine and gum; and that the defendants trespassed upon the same, and unlawfully, without right or authority, cut and removed therefrom timber of the value of $450; and asked for judgment for the value of the timber so cut and removed.

The St. Louis Refrigerator & Wooden Gutter Company answered, and denied that plaintiff is the owner of the land; and alleged that J. S. Cargile and his wife, Alice Cargile, on the 13th day of September, 1886, conveyed the land to James A. Smith, who conveyed the same to the St. Louis Refrigerator & Wooden Gutter Company on the 9th of September, 1887; that Alice Cargile and the St. Louis Refrigerator & Wooden Gutter Company have each held seven years' adverse possession of the land before the commencement of this action; and denied that it cut as much timber on the land as is alleged in the complaint, and alleged that whatever was removed therefrom was cut more than three years before the commencement of this action.

In the trial before a jury the plaintiff produced and read as evidence a deed executed by the state on the 9th day of April, 1872, by which the state conveyed and donated the land in question to him, the same having been forfeited to the state on account of the nonpayment of taxes.    He also adduced evidence tending to prove that the defendant, the St. Louis Refrigerator & Wooden Gutter Company, in the summer or fall of 1896, cut and removed from the land a large quantity of timber, and the value of the same. The defendants introduced and read as evidence deeds to the land from J. S. Cargile and Alice Cargile to James A. Smith, and from James A. Smith to the St. Louis Refrigerator & Wooden Gutter Company.    They also proved that the company paid the taxes on the land for the year 1876 and the succeeding years down

to and including 1897, a period of 22 years; and it was shown that the only acts of ownership exercised by the defendants, or either of them, over the land in question was the payment of the taxes and the cutting of timber thereon in the summer or fall of 1896. There was no evidence that Cargile or his wife ever held adverse possession, or had any title to the land.

Upon this evidence the court instructed the jury, in part, over the objections of the plaintiff, as follows:

"1.   Before the plaintiff can recover in this cause, he must show to the satisfaction of the jury that he was in the actual or constructive possession of the land which he claims was the subject of the trespass; and in this case if the jury finds that the defendant was in possession of the land, using it for the purposes for which it was designed, and the only use for which it was susceptible, they will find for the defendant.

"2.   If the jury finds from the evidence that the defendant claimed title to the land in controversy by deed duly executed and recorded, purporting to convey to it said land, and under such color of title it paid the taxes thereon, and entered upon said land, and cut the timber therefrom, and exercised other acts of ownership over the same, such acts should be regarded as acts of ownership and possession, and not as trespass, and your verdict should in that event be for the defendant.

"3.   This is not an action for the recovery of the land described in the complaint, and the jury is not required to determine the ownership of the same; and in this case if the jury believe from the evidence that the defendant was in the possession of the land at the time of the alleged trespass, notwithstanding they may also believe the plaintiff owned the land, they should find their verdict for the defendant, that the defendant is not guilty of trespass."

The defendant recovered a judgment, and the plaintiff appealed.   Are the instructions correct?

The donation deed executed by the state of Arkansas to the appellant is *prima facie* evidence of a valid title to the land in him.   The land being wild, uncultivated and unoccupied, it vested him with the constructive possession of the same, and this possession is "actual, for all the purposes of remedy, until it is interrupted by an actual entry and adverse possession taken by another," and nothing short of what constitutes an actual possession, such as

creates an ouster, will take away from the owner the possession which the law attaches to the legal title. Such possession does not consist in doing temporary acts upon the land without an intention to hold and "occupy it for residence or cultivation, or for some other permanent use consistent with the nature of the property." *Young* v. *Herdic,* 55 Pa. St. 172; *Halleck* v. *Mixer,* 16 Cal. 579; *McKinnon* v. *Meston,* 104 Mich. 642.

The true owner of land, unless ousted in the manner indicated, has a right to sue for and recover timber cut and removed from his land, or its value, in an action brought solely for that purpose. In *Brewer* v. *Fleming,* 51 Pa. St. 115, which was an action to recover the possession of timber, the court said: "A mere temporary occupancy, for the purpose of taking off timber, by one having no right of possession, is not such an actual possession as defeats the constructive possession which the law casts upon the owner. *Harlan* v. *Harlan,* 3 Harris, 507,—referring to *Wright* v. *Guier,* 9 Watts, 172, and *Elliott* v. *Powell,* 10 Watts, 454. See also *Sorber* v. *Willing,* 10 Watts, 141; *Hole* v. *Rittenhouse,* 1 Wright, 116; *Washabaugh* v. *Entriken,* 10 Casey, 74. Nor does such an entry and cutting of timber defeat the owner's right to it, but, as soon as it is severed from the freehold, his right of property vests in it. *Id.* See also the late cases of *Clement* v. *Wright,* 4 Wright, 254; and *Altemose* v. *Hufsmith,* 9 *id.* 128. * * * According to the authority of these cases, neither trover nor replevin lies against one in the actual possession of land claiming title for timber, slate, or other products severed by him from the freehold, nor even when there is a common possession, and the title is in controversy. But it does lie in favor of the owner in possession, actually or constructively, against a tort feasor, or one who has no right of possession, who enters only casually or temporarily to cut timber."

In *McKinnon* v. *Meston,* 104 Mich. 642, which was an action for the recovery of timber, the defendant held a tax deed to the land from which the timber was cut. The court held that "*bona fide* and actual possession of wild lands is not clearly established by testimony tending to show that the party making such claims occupied a shanty on the land while removing timber therefrom, it not appearing who built the shanty, nor what the purpose was for which it was built, and there being a doubt as to the shanty's being upon the land from which the timber was removed." The court said: "There was ample opportunity for the jury to find

that the alleged possession was a subterfuge, and that the defendant was a trespasser merely, if his tax title was invalid."

The occupancy that will defeat an action brought against a person cutting timber during its continuance from land solely for the possession or value of the timber, by the true owner, before the recovery of the land, must be such as to constitute that adverse possession which will set the statute of limitations in motion. In *Wright* v. *Guier,* 9 Watts, 175, Chief Justice Gibson said: "But why should there not be the same degree of possession to bar an action for the produce of the soil that is necessary to bar an action for the soil itself. Such an occupancy is indefinitely continuous, while the occupancy of a trespasser, who neither cultivates nor encloses, continues no longer than he remains in contact with the soil." Such possession as will set the statute of limitations in motion in respect to the land challenges the title of the true owner, and he will not be allowed to harass the occupant by separate suits for the recovery of the timber cut, or its value, but must bring his action for the land. Chief Justice Gibson, in the case last cited, said; "The true reason why trover or replevin lies not against an actual occupant is * * * the impolicy of suffering him to be harassed with a separate action for each bushel of wheat consumed, or stick of firewood burnt, on the premises, instead of having the matter settled at once by an action to recover the possession."

We therefore conclude that the occupancy that will legally defeat an action by the true owner against one having no right to possession, for timber cut from his land, during its continuance, or the value of the timber, before the recovery of the land, must be actual possession by the occupant of the land as his own property, held with a view to the permanent use of the same for his own benefit. The instructions in question are erroneous, because they do not embody the idea we have indicated, and because they directed the jury to return a verdict in favor of the appellees, when their possession might not have appeared to the jury to be such as was, according to this opinion, necessary to entitle them to recover.

Reversed and remanded for a new trial.

HUGHES and WOOD, JJ., absent.