ST. LOUIS REFRIGERATOR & WOODEN GUTTER COMPANY v.
THORNTON.

Opinion delivered March 4, 1905.

1.  TAXES—LEVY.—A levy of taxes in 1869 for the year 1868 was illegal, and rendered a sale for that year void. *Parr* v. *Matthews,* 50 Ark. 390, followed.  (Page 386.)

2.  REMOVAL OF CLOUD—PLAINTIFF'S TITLE.—The plaintiff in a suit to quiet title must succeed, if at all, upon the strength of his own title, and not upon the weakness of his adversary's.  (Page 386.)

3.  POSSESSION—WILD LAND.—Wild and unoccupied land is in the constructive possession of the true owner.  (Page 386.)

4.  QUIETING TITLE—PRACTICE.—In suits in equity to quiet title the plaintiff is not entitled to judgment unless he be in possession, or his title be equitable, or, having the legal title, the land be wild and unoccupied.  (Page 386.)

5.  FORFEITED LANDS—COMMISSIONER'S DEED—EFFECT.—Kirby's Dig., § 7105, providing "that no person shall be permitted to question the tax title acquired by a deed of the clerk of the county court, without first showing that he, or the person under whom he claims title to the property, had title thereto at the time of the sale for taxes, or that title was obtained from the United States or this State after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title," is limited in its operation to deeds made by the clerk, and does not embrace deeds made by the Commissioner of State Lands to lands forfeited for taxes.  (Page 386.)

Appeal from Clark Circuit Court in Chancery.

JOEL D. CONWAY, Judge.

Reversed.

STATEMENT BY THE COURT.

This is a suit instituted by Jobe Thornton against the St. Louis Refrigerator & Wooden Gutter Company, to cancel the deed of the defendant to certain lands as a cloud upon his title. The defendant answered. The substance of the pleadings is correctly stated in appellant's abstract as follows:

"Appellee filed his complaint against appellant, stating substantially that he was the owner of the northeast quarter of section 11, in township 11, south of range 19 west, under a donation deed from the State, and that he was the owner by curtesy, through his deceased wife, Eliza, of the southeast quarter of the same section, she having received a donation deed from the State, both donation deeds being dated April 9, 1872; that said Eliza died in 1874, having had issue of her marriage with appellee, born alive. That the State derived its title to said lands through a sale for the taxes of 1868. That said lands were wild and unimproved, except about nine acres in the northeast quarter of the northeast quarter, which is claimed by John Bragg and ...... Powell (which were not sued for). That plaintiff was in the constructive possession of said lands, except the said northeast quarter of the northeast quarter, continuously since the...day of April, 1872. That, immediately after procuring his deed to the said northeast quarter, plaintiff took actual possession of the same, cleared, fenced, improved and placed in readiness for cultivation five acres thereof. That defendant (appellant) claims said lands (except said northeast quarter) by color of title under a quitclaim deed from J. S. and Alice Cargile to J. A. Smith, and from said Smith to defendant. The plaintiff alleged that defendant's deed was a cloud upon his title, and prayed for its cancellation.

"Defendant, by way of answer, denied that the plaintiff was the owner of said northeast quarter by virtue of his donation deed; denied that he was the owner of the curtesy interest through his deceased wife; denied that the plaintiff was ever in the actual or constructive possession of the said tracts of land, and denied that his said wife, Eliza, in her lifetime, was ever in the actual or constructive possession of the said southeast quarter. The defendant alleged that the county court of Clark County did not levy the county taxes for 1868 until the 8th day of Febru-

ary, 1869; that, by reason of said illegal levy of taxes, the title of the State was and is absolutely void.

"The plaintiff demurred to the answer, and assigned four grounds, all of which were overruled, except the second, which was as follows: 'Second. The plaintiff demurs to all that part of the said answer that refers to the assessment and levy of taxes and the forfeiture and sale of said land for the taxes, and attacks the donation of the same by the plaintiff and his wife, Eliza, because the answer does not show that defendant was the owner of said land in controversy at the time of said forfeiture and sale, or that it claims title thereto from said owner or some one holding under him.' "

Upon the hearing of the cause, the court rendered a decree in favor of the plaintiff, quieting his title to both tracts of land in controversy. The defendant appealed.

*J. H. Crawford,* for appellant.

The sale of the land for taxes was void. 50 Ark. 390; 54 Ark. 665. Appellee would have no title unless he held the land actually and adversely for seven years. 57 Ark. 323; 50 Ark. 363; 60 Ark. 163; 63 Ark. 1; 49 Ark. 266. Appellee must rely on the strength of his own title. 37 Ark. 644; 24 Ark. 402; 56 S. W. 873; 66 Miss. 100; 20 Fed. 339; 109 Cal. 12; 78 Wis. 584; 121 U. S. 556; 148 Ill. 622; 47 Miss. 144, 229; 51 Miss. 166.

*C. V. Murry* and *J. B. Moore,* for appellee.

Appellee's donation deeds are valid upon their face, and are evidence of good title. 69 Ark. 424; 56 Ark. 175; 55 Ark. 213; 3 Wash. R. P. 260; 93 Ga. 715; 26 Fed. 219; 39 W. Va. 332; 46 La. Ann. 151; 71 Miss. 678; 59 Cal. 612. Appellee should prevail upon the strength of the title shown. 47 Miss. 144; 20 Mich 384; 41 Ia. 435; 20 Ark. 85; 26 Ark. 17; 29 Ark. 173.

BATTLE, J., (after stating the facts.) In the hearing the appellant offered, and the court refused to allow him, to prove that the lands were wild and unoccupied, and had been unoccupied for many years before the commencement of this suit; and that the county taxes of 1868, for which the lands were sold or forfeited to the State, were not levied until the year 1869.

—13

The plaintiff relied solely on the donation deeds executed by the State to himself and wife, insisting that they were *prima facie* evidence of a good and valid title to the lands, and that defendant ought not to be allowed to contest his title, it not being shown that it or those under whom it claims had any right to or interest in the lands at the time they were sold or forfeited to the State. It seems that the trial court sustained this contention, and upon this theory heard the cause and rendered a decree.

If the evidence offered be true, the sale of the lands to the State was void, because they were sold for county taxes of 1868, which were levied in 1869. Such taxes were levied at a time not authorized by law, and were void. *Parr* v. *Matthews,* 50 Ark. 390, 392; *Boehm* v. *Porter,* 54 Ark. 665, 668. Why should appellee, claiming under such sale, have the right to set aside another deed equally effective to convey title as his own? How could appellant's deed cast a cloud upon his title when he had none? Appellant has as much right to use its deed as color of title in acquiring the land by adverse possession or paying taxes thereon for seven consecutive years under the statute as he has. Hence, under the decisions of this court, he "must succeed, if at all, upon the strength of his own title, and cannot rely upon the weakness of his adversary's." *Lawrence* v. *Zimpleman,* 37 Ark. 644, 647.

In suits to quiet title the plaintiff is not entitled to recover, unless he be in possession, or his title be equitable, or, having the legal title, the land be wild and unoccupied. *Matthews* v. *Marks,* 44 Ark. 436. If the land be wild and unoccupied, it is in the constructive possession of the true owner. In this case the appellant is not in the actual or constructive possession of the land—it being wild and unoccupied, and has no title to the same, and he is not entitled to any relief.

But appellee says the donation deeds under which he claims are *prima facie* evidence of a good and valid title, and appellee has no right to question their validity, because it or its grantors had no title thereto at the time the lands were sold to the State. The statutes of this State provide "that no person shall be permitted to question the tax title acquired by a deed of the clerk of the county court, without first showing that he, or the person

under whom he claims title to the property, had title thereto at the time of the sale for taxes, or that title was obtained from the United States or this State after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title." Kirby's Dig. § 7105. In *Townsend* v. *Martin*, 55 Ark. 192, this court held that this statute was limited in its operation to deeds made by the clerk, and does not embrace deeds made by the Commissioner of State Lands to lands forfeited for taxes. The Legislature has not seen fit to protect the deeds of the Commissioner of State Lands in the manner it has the deeds of county clerks. The law has made them only *prima facie* evidence of title, and we see no reason why the appellant should not be allowed to show those void under which appellee claims in this case. It is not seeking in this case to interfere with appellee or his rights, and it should have the right to defend itself against this suit by showing that it is unfounded, and that plaintiff is not entitled to any relief.

Appellee cites *Thornton* v. *St. Louis Refrigerator & Wooden Gutter Co.*, 69 Ark. 424, and quotes from it as follows: "The donation deed executed by the State of Arkansas to the appellant is *prima facie* evidence of a valid title to the land in him. The land being wild, uncultivated and unoccupied, it vested him with the constructive possession of the same, and this possession is actual for all the purposes of remedy until it is interrupted by an actual entry an adverse possession taken by another; and nothing short of what constitutes an actual possession, such as creates an ouster, will take away from the *owner the possession which the law attaches to the legal title.*" This language was used in reference to the facts in that case. The donation deed of the State was *prima facie* evidence of title and of constructive possession in that case, there being no evidence that the sale upon which it was based was illegal and void. Had it been shown that it was based upon an illegal sale for taxes, it would not have been evidence of title and of constructive possession of the land. It would have been void.

Let the decree of the circuit court be reversed, and the cause be remanded with instructions to the court to overrule appellee's demurrer to appellant's answer, and to admit the rejected testimony, and to proceed in accordance with this opinion.

HILL, C. J., (dissenting.)   Thornton had a donation deed
to the land in controversy, and brought suit to quiet title against
appellant, who had no title derived from any source connected
with the ownership of the land.   The defendant had a deed from
one party, who had a deed from another party, and no attempt
was made to show that any of those parties ever owned or were
in possession of the land.   Its title began nowhere, and ended at
the same place.

Two attacks were made upon plaintiff's title, one on account
of failure to make the improvements required by the laws donat-
ing lands.   This court has twice held that such attacks could
only be made by the State. · *Radcliffe* v. *Scruggs,* 46 Ark. 96;
*Wilson* v. *State,* 47 Ark. 199.

The other attack was upon the regularity of the levy of
taxes for the year 1868 for the default in the payment of which
the land forfeited to the State.

If the defendant was the original owner of the land, or
had any interest which would entitle him to redeem from a tax
sale, or derived title from some one having such rights, then un-
doubtedly the plaintiff would have to prove more than a title
*prima facie* good, and would have to show the regularity of the
proceedings under which the title vested in the State, his grantor.
But such is not this case. When the plaintiff introduced his
donation deed, he made out a case for himself, and could rest.
The statute makes this title *prima facie* good.   In a prior litiga-
tion between these parties over a trespass upon this land, this
court said: "The donation deed executed by the State of Ar-
kansas to the appellant (the appellee in this appeal) is *prima
facie* evidence of a valid title to the land to him. The land being
wild, uncultivated and unoccupied, it vested him with the con-
structive possession of the same, and this possession is actual
for all purposes of remedy until it is interrupted by an actual
entry and adverse possession taken by another; and nothing
short of what constitutes an actual possession, such as creates
an ouster, will take from the owner the possession which the
law attaches to the legal title." *Thornton* v. *St. Louis Refriger-
ator & Wooden Gutter Company,* 69 Ark. 424.

The title, valid on its face, was, as above stated, equivalent

to possession, and would prevail until ouster. There was no entry, no ouster, no adverse possession in this case, and no title giving constructive possession to the defendant (appellant here), and under this decision the plaintiff fully made his case with his title, which is *prima facie* good. It is true that in the former appeal no attack was made on the assessment which lay behind the title; but if the title was good as against a trespasser merely because it gave constructive possession by reason of it being *prima facie* good, it logically follows that it is good against a person not in possession and not in title. Shall such person be allowed to attack this title, without any showing of title or possession in himself, or any one under whom he claims, by showing some defect in the assessment which occurred thirty-five years ago? If it is open to such attack, then it was idle legislation to make these deeds *prima facie* evidence of the regularity of all prior proceedings. If any trespasser, or any one holding a deed from a stranger to the title, can put upon the holder of the State's title the burden of proving regularity in the tax proceedings, then the presumptions in its favor are nugatory. In suits to quiet title the rule as to the title required of the plaintiff to maintain his action is thus stated: "If the cloud raised by the defendant's unfounded claim were removed, the plaintiff would then have a reasonably clear title." *Lawrence* v. *Zimpleman,* 37 Ark. 643.

With the tramp title of the defendant removed, then the plaintiff would have a title good on its face, and presumptively valid, and for the purposes of remedy equivalent to actual possession, and only subject to defeat by delving into musty records 35 years old, and it seems it ought to be a "reasonably clear title." This view does not conflict with the rule that he must recover on the strength of his own title, because his title is strong enough to be equivalent to actual possession for all purposes of remedy (so ruled by this court), and actual possession would certainly have defeated this appellant, who had neither title nor possession.

As stated, only the State could contest the validity of Thornton's right to the donation deed from the State, and only the original owner or some one having interest in the land ought to be allowed to contest the forfeiture from the owner to the

State, and it was so ruled in Georgia and West Virginia.
*McArthur* v. *Peacock,* 20 S. E. Rep. 215; *Hawkinberry* v. *Snodgrass,* 19 S. E. 417.

A suit to quiet title settles the issues between the parties, and the ultimate working out of the reversal herein will be, if the defects in the levy of taxes are proved, to take the land from the party with a title declared by statute *prima facie* good, and give it to the other litigant, who has no title at all, and I dissent, for the reasons given.