JACKSON v. BOYD.

Opinion delivered April 29, 1905.

CLOUD ON TITLE—TAX TITLE—LACHES.—Prior to the act of March 18, 1899, relating to the payment of taxes on unimproved and uninclosed lands, mere lapse of time would bar a suit to cancel a void tax title and to remove the lien created by payment of the taxes on the land.

Appeal from Ashley Chancery Court.

MARCUS L. HAWKINS, Judge.

Reversed.

## STATEMENT BY THE COURT.

W. S. Jackson, Sr., entered the lands in controversy, and died without disposing of them, and leaving the appellants his heirs at law.

They filed a complaint in Ashley Chancery Court, alleging that the appellees, defendants therein, had a title based on an overdue tax decree which was void for reasons stated in the complaint. They further alleged that the lands were unoccupied and in the actual possession of no one, and prayed the amount of taxes, penalty and costs and interest due the defendants be ascertained, and that they be permitted to pay the same and redeem the lands, and the tax title be cancelled. The defendants answered, alleging the validity of the tax sale, and in the alternative alleging that the plaintiffs were barred by laches from maintaining the suit. The case was tried on the following agreed statement of facts:

"It is agreed, on the trial of the above entitled cause, the following facts may be taken as true:

"1. That W. S. Jackson, Sr., the father of plaintiffs, entered the land described in the complaint, and never disposed of the same during his lifetime. That the plaintiffs are his children and heirs at law, and are entitled to the said land unless they have lost their right to same by laches, limitation, or by valid tax forfeiture.

"2. That said land forfeited for the taxes of 1873, 1874, 1875 and 1876, and were sold to the State of Arkansas for the nonpayment thereof at the tax sale of 1877, for taxes, penalty and cost, amounting to $9.79.

"3. That said land was forfeited to the State as forfeited, and afterwards, towit: on .... day of ........, 1886, was sold in the overdue tax proceeding, by T. S. Stillwell, commissioner, to the defendants herein for 15 cents per acre, making $15, which, with interest at 6 per cent. per annum to date, amounts to $35.28. That said commissioner executed and delivered his deed in pursuance of said sale in due form of law.

"4. That defendants have paid taxes on said land each and every year since their purchase at the overdue tax sale in 1886, for each year as follows: (Here follows amount paid each year.) Making the total of taxes, interest and costs from the date of said sale at the overdue tax sale $66.83, which, added to the amount for which said land was sold at said overdue tax sale, makes the total amount due for said sale and taxes and interest since paid the sum of $102.11.

"5. That said land has never been in the actual possession of any one, and is now wild, unimproved, and unoccupied.

"6. It is agreed that the forfeiture of said land to the State, above set forth, is void, and that the sale of the same at the overdue tax sale was and is void.

"7. That all the plaintiffs were of lawful age in 1878, and were all at that time residing in Ashley County, Arkansas, and have lived in said county ever since."

The court found that the plaintiffs' claim was stale, barred by laches and without equity, and decreed accordingly.

The plaintiffs appealed.

*Robert E. Craig,* for appellants.

Appellants are not barred by laches. 70 Ark. 261; 50 Ark. 390; 71 Ark. 310.

*Pugh & Wiley,* for appellees.

Plaintiffs' claim is stale and barred by laches. 2 Wall. 87; 106 U. S. 391; 124 U. S. 183; 21 Wall. 178; 55 Ark. 94; 143 U. S. 553; 60 Pa. St. 124; 145 U. S. 368; 21 Col. 309; 14 Col. 90; 158 U. S. 416; 99 Ia. 73; 143 U. S. 553; 106 U. S. 391; Bisp. Eq. 59; 130 U. S. 43; 41 Ark. 301; 62 Ga. 718; 42 Ark. 289; 64 Ark. 345; 83 Ia. 441; 19 Ark. 21; 67 Ark. 320; 63 Tex. 213; 17 Enc. Pl. & Pr. 360. The chancellor, having exercised his discretion, this court will not disturb his decision. 12 Enc. Pl. & Pr. 839; 121 N. Y. 69; 97 Cal. 155; 35 Ark. 137; 55 Ark. 85; 117 Cal. 215. The tax forfeiture and overdue tax sale, though voidable, were cured by lapse of time. 46 Ark. 96; 94 U. S. 159; 50 Ark. 390; 67 Ark. 320; 155 U. S. 314; 158 U. S. 416.

HILL, C. J., (after stating the facts.)   For thirteen years the appellees paid taxes on the lands in controversy, holding the same under a deed based on a void overdue tax decree.   The appellants were adults, and living in the county during that time. After said lapse of time they brought a bill in equity to redeem from said void sale and previous void tax forfeitures.   The sole question is whether they are barred by laches; no other obstacle is sought to be placed in the way of their recovery.

There could be no action on the facts here to recover possession, for the possession was always with the legal title, not the void tax title.   This action is merely to remove the liens created by the payment of taxes, and as a result thereof clear the title of the clouds engendered thereby.   Appellees invoke the doctrine of *Gibson* v. *Herriott,* 55 Ark. 85, and *Hoyt* v. *Latham,* 143 U. S. 553.

Equity will not permit a party whose duty it is to act to wait and let the future determine whether the property is sufficiently valuable to assume burdens and rights otherwise discarded. In this case there is no evidence as to the increase in value, and there is no situation presented requiring action on part of the appellants.   Until there is an interference with possession, there is no occasion for action, and payment of taxes by another is not sufficient of itself to call for action.   *Penrose* v. *Doherty,* 70 Ark. 256.   The bare lapse of time will not cure defects in an invalid tax title.   *Parr* v. *Matthews,* 50 Ark. 390.   Payment of taxes and color and claim of title is insufficient to start the statute of limitations.   *Calloway* v. *Cossart,* 45 Ark. 81.   This case is not within the act of 1899, recently construed in *Towson* v. *Denson,* 74 Ark. 303.

Therefore, it follows that there were no rights asserted against appellants calling for action, and that lapse of time, coupled with payment of taxes, would not ripen this void title. None of the grounds usually found in these cases are presented here.   There is no evidence of increased value, and appellees rely on that score on the general knowledge of the gratifying and substantial increase in land values over the State in the last few years; but that is far from proving that this particular

tract was formerly of so little value that it was abandoned, and its enhanced value has caused a change in appellants' attitude. No evidence is offered of a change in the status of any one towards the land; there is no loss of evidence by lapse of time. No rights have been builded against the appellants, other than those of appellees created by tax paying, and those rights are only for reimbursement with interest, which is tendered in the complaint in this case.

The lapse of thirteen years after appellees acquired a void tax title and payment of taxes by them during that time is insufficient evidence of laches in a suit to redeem from that void sale.

The decree is reversed, and cause remanded with directions to enter a decree according to the prayer of the complaint.