SNIDER v. SMITH.

Opinion delivered May 6, 1905.

DONATION DEED—REDEMPTION FROM TAX SALE.—To a complaint by the holder of a donation deed, executed under the donation act of 1840, seeking to redeem from a subsequent forfeiture, and relying upon such deed alone, it is a good answer that the tax sale on which plaintiffs' deed is based is void.

Appeal from Clark Chancery Court.

JAMES D. SHAVER, Chancellor.

Reversed.

### STATEMENT BY THE COURT.

This is an action brought by Eliza W. Smith and others to redeem a tract of land sold for taxes. This land had been forfeited to the State for nonpayment of taxes, and the State in 1871 conveyed it by donation deed to Willis S. Smith, Jr. Smith died in 1873, leaving surviving him as his sole heir at law his father, William Y. Smith, who died in 1894, leaving a daughter and two sons surviving him. One of his sons was a minor, and one an insane person, and while they were laboring under such disabilities the land was forfeited to the State for nonpayment of taxes, and afterward sold by the State to the defendant, Snider. The insane son died, and his mother, who inherited from him, and the minor brought this action to redeem their interests in the land within two years after the death of the insane boy. The defendant for answer set up his tax title purchased from the State. He alleged that the land had always been wild and unimproved, and that neither the plaintiffs nor those under whom they claimed title had ever been in actual possession of the land; that the tax sale under which the plaintiffs claim was null and void; that the State's deed conferred no rights on the donee, and that plaintiffs have no right to redeem.

The court sustained a demurrer to the answer, and the defendant appealed.

*J. H. Crawford,* for appellant.

Redemption money should have been brought into court. 24 Ark. 449; 25 Ia. 35. The finding that William Smith was a minor was unauthorized. 52 Ark. 55. The complaint is bad on demurrer. 58 Ark. 39; 66 Ark. 113. Appellees' title was void. 55 Ark. 218; 51 Ark. 34; 56 Ark. 184; 29 Ark. 476, 489; 30 Ark. 579; 31 Ark. 491; 32 Ark. 143; 37 Ark. 646; 55 Ark. 104; 61 Ark. 415. Recovery must be had upon the strength of plaintiff's title. 37 Ark. 644; 24 Ark. 402; 73 Ark. 557. The appellees have no title that entitled them to redeem. 59 Ia. 14; Cooley, Tax. 538; 7 Ia. 512.

*McMillan & McMillan,* for appellees.

The Cargile children were not necessary parties. Kirby's Dig. § 7101. Parties cannot adjudicate rights not determined in the court below, on appeal. 46 Ark. 96; 49 Ark. 253; 50 Ark. 97; 52 Ark. 318; 55 Ark. 163, 213; 71 Ark. 242, 427, 552; 64 Ark. 305; 66 Ark. 219.

RIDDICK, J., (after stating the facts.) This is a suit in equity to redeem land from a tax sale, and the facts are in some respects similar to those in the case of *Smith* v. *Thornton* recently decided, 74 Ark. 572. In both cases the plaintiff relies for the right to redeem upon a donation deed executed under the act of 1841, which act remained in force until 1879, and is digested in Gantt's Digest of 1874. Although that statute has been radically changed by subsequent legislation, yet, as the force and effect of a donation deed is governed by the law in force at the time it was executed, we must look to the act of 1840 in order to determine the force and effect of this deed executed in 1871. Now, that law did not make the donation deed evidence of title in the donee, his heirs and assigns, until taxes had been paid by the donee on the land under his donation deed. The statute required that there should be a certificate of improvement, as well as a payment of taxes, in order to make the donation deed evidence of title in the donee. Gantt's Dig. § 3897. The statute excepted lands donated to minors from the provision of the act relating to improvements, and this court subsequently held that, even as to

lands donated as to adults, no one but the State could complain that such improvements had not been made. *Radcliffe* v. *Scruggs,* 46 Ark. 96; *Wilson* v. *State,* 47 Ark. 199. The court has also said that such deeds were *prima facie* evidence of title in the donee, but it is not clear that those were cases where no taxes had been paid by the donee, or that the difference between the statute of 1840 and subsequent donation statutes in reference to the provision as to payment of taxes was called to the attention of the court. *Radcliffe* v. *Scruggs,* 46 Ark. 96; *St. Louis Refrigerator & W. G. Co.* v. *Thornton,* 74 Ark. 383.

But, conceding that the doctrine of *stare decisis* applies, and that the donation deeds executed under the act of 1840 are *prima facie* evidence of title in the donee, as heretofore decided, still the statute only says that such deed shall be evidence of title and of the regularity of the tax sale upon which it was based, and does not attempt to make it conclusive evidence of such regularity, even against parties having no interest in the land at the time of the forfeiture. When the holder of such a deed, relying upon the deed only, brings an action to redeem from a subsequent tax sale against one holding the land under a deed based on such sale, there is no reason why such subsequent purchaser should not be allowed to show that the tax sale upon which the donation deed was based was void, and that the holder of the donation deed acquired no rights thereby.

But rights and interests in land may be acquired, even under a void deed, by subsequent improvements or payment of taxes thereon, which under our law would give liens on the land. If the plaintiff, in addition to the donation deed, had set up that she or those under whom she holds had made improvements or paid taxes on the lands under the deed, then she would have been entitled to redeem, even if the tax sale upon which her donation deed rests was void. But, as she sets up no facts, but relied on the deed alone, the answer showing that the deed was void set up a good defense to her action to redeem. In other words, one who claims the right to redeem land by virtue of a donation deed may rely on the deed alone; and if the donation title is valid, he can redeem whether he has paid taxes or made improvements under the deed or not. But, if his donation title is of itself

void, then he must show other facts in order to entitle him to redeem. We are speaking only of donation deeds executed under the act of 1840, for as to deeds executed under later statutes, which undertake to make such deeds conclusive evidence that the tax sales upon which they are based were regular in every respect, there may be ground for contention that no one except those who have an interest in the land at the time of the tax forfeiture, their heirs, or assigns, or who have since acquired title from the Government, can dispute the regularity of the forfeiture upon which the donation deed is based.

The plaintiff in this case relied on the title conferred by the donation deed alone, and it follows from what we have said that the answer alleging facts that showed that the deed was void showed a good defense to the complaint. But if plaintiff desires she may be permitted to amend her complaint.

The judgment will be reversed, and the cause remanded with an order to overrule the demurrer to the answer, and to allow either side to amend pleadings, and for further proceedings.