SNIDER v. SMITH.

Opinion delivered January 4, 1909.

TENDER—COSTS.—Where, in a suit to redeem land from a tax sale, the parties agree of record as to the amount due in case plaintiff is entitled to redeem, which amount is paid into court by the plaintiff, and the court holds that he is entitled to redeem, he does not incur liability for costs on appeal because the trial court erred in directing payment of a less sum on redemption than was tendered.

Appeal from Clark Chancery Court; *James D. Shaver,* Chancellor; modified and affirmed.

*John H. Crawford,* for appellant.

*McMillan & McMillan,* for appellee.

HILL, C. J. This case has been here before. See *Snider* v. *Smith,* 75 Ark. 306. From a decree allowing redemption the defendant has apealed, and assigns two errors:

1. "That the court erred in permitting appellees to read in evidence the so-called 'duplicate deed' to Willis S. Smith, Jr." The same question was presented in case number 364, *Thornton v. Smith, post* p. 543. For the reasons given in the opinion of the court in that case, written by Mr. Justice BATTLE, this contention can not be sustained.

2. "That, if a redemption of any interest in the said land is permissible, the court erred in fixing the *pro rata* amount of taxes and interest paid by appellant to be refunded to him." The court found the amount due Snider to be $8.80, and he contends that it should have been $17.85. In the original decree, which was reversed, is found this statement: "Both parties admit that if the plaintiffs are entitled to redeem they should pay to the defendant two-thirds (2-3) of the taxes due on said land, amounting to the sum of $18.90." This was on June 9, 1903. In the decree now appealed from is this statement: "And the court further finds that the plaintiffs did on the 25th of June, 1903, pay into the registry of this court for the redemption of said land the sum of $18.90, and that said sum of $18.90 has remained in the registry of this court, and still remains there, as a tender to the defendant, Geo. W. Snider."

It is thus seen that the parties by record agreement eliminated the question of amount due in the event of redemption, and litigated over the right of redemption. This agreement was executed shortly thereafter by a payment into court as a tender of the amount agreed to be due in event of redemption. The court should, when it decreed redemption, have fixed the amount thus agreed upon. The tender was more than the court found due or the appellant now claims was due, and the appellees could not go back on their executed tender, or seek to have a lesser sum found due. The appellees should not incur the costs of this appeal for this error, because appellant could have had this sum at any time since it was deposited in the registry of the court, and the litigation has been over other questions, and not this one. See *Ozark Ins. Co.* v. *Leatherwood,* 79 Ark. 252.

The decree is modified so as to allow appellant the recovery of the $18.90 deposited in court as redemption money, and remanded for the purpose of said modification; and in all other respects the decree is affirmed.