FLETCHER v. MALONE.

Opinion delivered October 4, 1920.

1. ADVERSE POSSESSION—PAYMENT OF TAXES.—The mere payment of taxes without color of title, no matter how long continued, does not constitute such an invasion of the owner's rights as to call

for action on his part, for that alone could never create a cloud on his title, nor operate as a divestiture thereof.

2. QUIETING TITLE—RIGHT TO RELIEF.—Where defendant has paid taxes on wild land belonging to plaintiff for four years under an invalid quitclaim deed, plaintiff is entitled to have his title quieted, since defendant's payment of taxes under such color of title would in time have ripened into title.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; reversed.

*W. P. Beard* and *Geo. M. Chapline,* for appellant.

1. Appellee, by the payment of taxes for a number of years, without other supervening equities, is not entitled to have his plea of laches sustained. 99 Ark. 500-507. One is not barred by laches until at least seven years' payment of taxes has been made under color of title. *Id.* 507. The land was wild and unimproved, and there was no color of title prior to the Garlington deed, and it was unnecessary for appellant to act. Chancery will not interfere to cancel a conveyance or set it aside as a cloud on title when it is void on its face and does not constitute color of title. 37 Ark. 643; 85 *Id.* 4; 55 *Id.* 549. The land was wild and unoccupied, and until there was interference with possession there is no occasion for action, and payment of taxes by another is not sufficient to call for action or resorting to legal remedies. 70 Ark. 256; 75 *Id.* 194. Appellant took immediate steps to protect his rights when appellee sought to impair them by taking possession. The Garlington deed was color of title and constituted a cloud on the title of appellant, but appellee did not have the required payment of taxes thereunder, and it can not be said that appellant would not have acted before this time expired. At the time appellee took the deed from Garlington, a quitclaim deed, he was advised of the defects in the title and the superiority of appellant's title. He had notice of the defects in the title. 79 Ark. 382.

2. Appellee was not misled by any omission of the appellant to bring suit or pay taxes. 81 Ark. 296; 92 *Id.* 497. Where lands are wild and unimporved, there is

no duty nor necessity for resorting to legal or equitable remedies to establish a right until some one threatens to impair or destroy it. 88 Ark. 395. The true owner can not be divested of his title to land by the mere failure to pay taxes and the enhancement of it in value. 102 Ark. 59. Coupled with the payment of taxes and the enhancement in value, there must have been an *existing color of title* with seven years' payment of taxes. 92 Ark. 497; 88 *Id.* 395; 102 *Id.* 59; 99 *Id.* 500; 103 *Id.* 251. Appellee having admitted he had no title prior to the Garlington deed and that he had not paid taxes for seven years thereunder, can not plead laches against the true owner. 135 Ark. 598. The enhancement in value of this land was general to all the lands in that country, and, even if appellant had not paid taxes during the enhancement, that would not bar him of the relief sought in this action. *Ib.;* 109 *Id.* 596; 83 *Id.* 154. Laches can not be imputed to appellant in a court of equity when he, either as plaintiff or defendant, could successfully prosecute or defend in a court of law the same cases under the same facts. There is not color of title nor supervening equities, and equity by analogy follows the law.

*Reid, Burrow & McDonnell,* for appellees.

1. Where the owners of the legal title to land remain passive for thirty-three consecutive years and permit another to pay taxes under a void tax title, during which the land has enhanced in value, the owner is barred by laches. 81 Ark. 357; 72 *Id.* 101; 93 *Id.* 298; 95 *Id.* 6; 99 *Id.* 455. The claim here is *stale.* 3 Brown, Ch'y, 638.

2. In the absence of supervening equities amounting to estoppel, a suit to remove cloud on title is not barred by laches unless the period of inactivity on part of plaintiff and his grantor has run full seven years. 90 Ark. 430. Laches sufficient to bar were shown in this case. The equities of this case are with appellees; the appellant was barred by laches. 75 Ark. 197; 139 U. S. 389; 81 Ark. 435; 90 Ark. 430.

McCULLOCH, C. J. Appellant Fletcher holds the original title, under mesne conveyances, to the two tracts of land in controversy which are situated in Lonoke County and are wild and unoccupied. He instituted this action in chancery on August 27, 1918, against appellee Malone to confirm his title. The case was tried on an agreed statement of facts, and the decree was in appellee's favor dismissing the complaint on the ground of laches.

The lands were sold for taxes in the year 1883 to one Ross, who received a deed under his purchase. The deed is not in the record, but it is conceded in the agreement of facts that the deed is ''void on its face and is not color of title.'' Ross died in the year 1889, leaving a will whereby he devised all of his property to his wife, Elizabeth and one Garlington, but the will did not describe any particular property, and it is further conceded that the instrument did not constitute color of title in the devisees. On June 8, 1910, Garlington executed to appellee a quitclaim deed purporting to convey the lands in controversy, and the purpose of the present action is to cancel that deed as a cloud on appellant's title. Appellee and his grantors paid the taxes on the land continuously, according to the recitals of the agreement of facts, for thirty-three years up to the year 1916, since which time appellant has paid the taxes. The agreement further recites that ''the land has, within the last four years, enhanced in value by reason of drainage ditches.''

The chancellor held that appellant was barred by laches, notwithstanding the payment of taxes made by appellee and his grantors, except those made after the execution of the quitclaim deed in the year 1910, were not under color of title. It is insisted that this is an erroneous application of the equitable doctrine of laches and we are of the opinion that it is erroneous.

In *Belcher* v. *Harr*, 94 Ark. 221, we said that ''there was no situation presented requiring action on the part

of the plaintiffs until the actual possession of the land was taken by another, or until color of title was obtained by one that might ripen into perfect title by payment of taxes for the time required by the statute," and we declined to apply the doctrine of laches.

Again, in the case of *Fordyce* v. *Vickers*, 99 Ark. 500, we laid down the rule that a person relying on "the equitable defense of laches must show that he or those under whom he claims have paid the taxes on the land under a color of title," and that "if the taxes are paid by the defendant under no color of title to the land, then it can not be said either that he has been misled or injured by the delay of the true owner to pay taxes on the land."

The reason for this rule in regard to the defense of laches is that the owner of land is not deemed to have abandoned his rights until he has neglected for an unreasonable time to assert those rights as against some one who has invaded them. There must be, in other words, a right of action against some intruder before the owner is challenged to assert his rights. The mere payment of taxes without color of title does not, no matter how long continued, constitute such an invasion of the owner's rights as to call for action on his part, for that alone could never create a cloud on his title nor operate as divestiture of his title. *Penrose* v. *Doherty*, 70 Ark. 256; *Jackson* v. *Boyd*, 75 Ark. 194; *Chatfield* v. *Iowa & Ark. Land Co.*, 88 Ark. 395.

Appellee having paid taxes under color of title for only four years and there being no affirmative act on the part of appellant which would in equity operate as an estoppel, the defense against the latter's assertion of his right to the land is not complete. *Earl Improvement Co.* v. *Chatfield*, 81 Ark. 296.

Payment of taxes by appellee under color of title would, however, in course of time have ripened into title, and it therefore constituted a cloud on appellant's title which he is entitled in equity to have removed.

The decree is reversed with directions to enter a decree in favor of appellant according to the prayer of the complaint.

SMITH, J. (dissenting). In addition to the facts recited in the majority opinion, the agreed statement of facts upon which the cause was heard contains the following recital:

"It is further admitted that W. P. Fletcher, the plaintiff herein, has, since the year 1900, looked after the said undivided half southwest northeast 27, 1 south, 8 west, and offered to pay the taxes thereon to the collector of Lonoke County, Arkansas; that he has looked after said northeast northeast 27, 1 south, 8 west, since the year 1907, and offered to pay the taxes thereon to the collector of Lonoke County, Arkansas."

It is not contended that appellee was aware that the records were thus being scrutinized to see that the tax payments were being kept up.

It, therefore, affirmatively appears that for nine years as to one tract of the land, and for sixteen years as to the other tract, appellant consciously suffered appellee, and his predecessor in title, to pay the taxes, and that this was done after the appellant, and his predecessors in title, had failed to pay any taxes since 1883.

Appellee and his predecessors in title were not volunteers. It is conceded that they had a lien on the land for their taxes, and in this lien would have been lost had they suffered a sale for taxes to occur by failing to continue the tax payments. *Hight* v. *Greer, ante* p. 202. And it must be certain that they thought their tax deed conveyed the title.

It is said that thirty-three years is the average span of human life, yet for that period of time appellant, and his predecessors in title, failed to discharge their duty as owners of the land. On the contrary, they have speculated at another's expense on the probable development of the country and the consequent enhancement in value of the land. In my opinion, they have waited too long.

By their silence and inactivity they have suffered others to bear the proportionate part of the burdens of goverment which they should have borne, and they searched the records to see that this was being done. And this was so long continued that appellees were warranted in thinking—if they were, in fact, aware of the invalidity of their deed—that those who might question its validity had abandoned the right so to do.

In my opinion, a court of conscience should not, under the circumstances of this case, lend its aid to enforce a right so stale, and the decree should be affirmed.

Mr. Justice HART concurs in the views here expressed.

### OPINION ON REHEARING.

McCULLOCH, C. J. It is insisted that the original opinion in this case, in effect, overrules several prior cases, especially *Turner* v. *Burke,* 81 Ark. 357; *Craig* v. *Hedges,* 90 Ark. 430, and *Burbridge* v. *Wilson,* 99 Ark. 455. Attention is called to the fact that in those cases the defendants held the lands under void tax deeds. That is true, but nothing was said in the opinion to the effect that the deeds did not constitute color of title. The deeds may have been void and yet, with correct descriptions of the property involved and granting clauses, would constitute color of title. In the present case there is an affirmative stipulation that the tax deed under which appellee claims, and under which the taxes were paid, did not constitute color of title.

We adhere to our original conclusion, and in holding that the owner of the land will not be barred by laches on account of failure to pay taxes and enhancement in value unless the taxes have been paid by another under color of title. In doing so we do not overrule any prior decisions.

Rehearing denied.