## Arledge vs. Rooks.

It is the duty of the vendor, who has contracted to convey land upon payment of the purchase money, to execute and deliver a deed to the vendee upon demand, and tender of payment.

*Appeal from Poinsett Circuit Court in Chancery.*

Hon. William C. Bevens, Circuit Judge.

Stillwell & Woodruff, for appellant.

A vendor, to maintain an action for the purchase money against the vendee, must tender a conveyance, and demand the purchase money. A vendee, to maintain his action is under the same obligation of tender of payment. *Sug. on Vend.* 229, 230; *Smith vs. Henry,* 7 *Ark.* 207; *Doug.* 684; *Add. on Con.* 171.

Garland & Randolph, for the appellee.

In dependent covenants performance by both parties must be simultaneous. 2 *Par. on Con.* 147, 154, 168, 172.

A court of equity will decree performance if possible, and will not rescind till there is no other alternative. 3 *Meriv.* 124; 16 *Ves.* 1, *and note a.*

The refusal of Arledge to receive the money and make the the deed was a waiver of the tender by Arledge. Rooks need not have counted the money out. 2 *Par. on Con.* 154; 2 *M. & Scott* 86; 1 *Scott* 70.

Mr. Justice Fairchild delivered the opinion of the Court.

Arledge sold to Rooks a piece of land, for which three notes

were given. Two had been paid, and as the time of payment of the last note approached, Rooks called upon Arledge, expressed a wish to pay the note, and demanded his note and a deed for the land. Rooks calls the offer of money a tender, and Arledge denies that it was sufficient as a tender, but this enquiry is immaterial, for Arledge refused to receive the money with the required condition of executing the deed, although he offered to give up Rooks his note, and receive the money.

The only question in the case, is, whose duty was it to prepare and tender the conveyance, which Arledge's bond for title provided to be made upon payment of the price of the land. The English practice is, that the purchaser must, in all cases prepare the deed, though when the vendor proceeds in affirmance of the contract, he must offer to execute a deed. 1 *Sug. Vend.*, ch. 4, sec. 4, * 58, 64, 65. And this may be the rule in some of the States, as seems to have been held in Alabama in *Wade vs. Killough*, 5 *Stew & Port.* 461. But in many of the States, the contrary rule has been adopted. *Chitty on Contracts* 9, *Am. Ed.* 317, note 2 ; 1 *Sudg. Vend. p.* 308, 61 note (1); *Buckmaster vs. Grundy*, 1 *Scam.* 314 ; *Perry vs. Rice*, 10 *Texas* 373 ; *Standefer vs. Davis*, 13 *S. & M.* 52 ; *Tenney vs. Ashley*, 15 *Pick.* 552 ; *Sweetzer vs. Hummell*, 3 *Serg. & Rawle* 230 ; *Fuller vs. Hubbard*, 6 *Cow.* 17. This question was left open by this court in *Smith vs. Henry*, 2 *Eng.* 207.

Although, upon principle, we might prefer that the party, who moves to obtain the performance of the other party to a contract, should tender a conveyance, yet considering the simplicity of our titles, we are willing to follow the general current of the American decisions. According to these authorities Arledge should have complied with Rooks' demand in giving the deed as demanded.

Let the decree be affirmed.