# CHAPMAN AND DEWEY LAND COMPANY *v.* BIGELOW.

ERROR TO THE SUPRÉME COURT OF THE STATE OF ARKANSAS

No. 262.    Argued April 12, 15, 1907.—Decided May 13, 1907.

Writ of error to review decision of the state court, dismissing bill to remove cloud on title to lands under water, dismissed for want of jurisdiction on the findings of the court below and the authority of the cases cited.

The rejection as evidence, by the state court, of a letter written by the Secretary of the Interior to the Commissioner of the Land Office, on the ground that it was *res inter alios*, held, in this case proper and not to present any Federal question.

Writ of error to review 92 S. W. Rep. 534, dismissed.

THE facts are stated in the opinion of the court.

*Mr. Henry D. Ashley,* with whom *Mr. Sanford B. Ladd, Mr. William S. Gilbert, Mr. Denton Dunn* and *Mr. Robert S. Rodgers* were on the brief, for plaintiff in error.

*Mr. N. W. Norton* for defendants in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a bill to remove a cloud from plaintiff in error's alleged title to certain lands described in the complaint, and to that end to have the conveyances under which defendants in error claimed declared void, filed by plaintiff in error in the Chancery Court of Poinsett County, Arkansas, January 29, 1903. The Chancery Court rendered a decree dismissing the bill, and the case was carried to the Supreme Court of the State, where the decree was affirmed. 92 S. W. Rep. 534. Thereupon this writ of error was allowed.

The Supreme Court of the State stated the case in brief thus:

"Plaintiff claims title under an act of Congress entitled 'An act to enable the State of Arkansas and other States to reclaim the swamp lands within their limits,' approved September 28, 1850. It alleges that, in pursuance of the provisions of this act, surveyed sections and parts of fractional sections in fractional township 12 north of the base line, in range 6 east of the fifth principal meridian, and in township 12 north of the base line, in range 7 east of the fifth principal meridian, and in Poinsett County, in this State, were duly selected, approved, and patented to the State of Arkansas, as a part of the swamp land-grant; that certain of these lands were conveyed by the State of Arkansas, on the 12th day of June, 1871, to Moses S. Beach, that plaintiff acquired and is the owner of these lands so conveyed to Beach as well as certain other of the lands which were deeded to the State of Arkansas by the United States; that many of the legal subdivisions of sections so acquired by plaintiff were bounded by a large body of nonnavigable water called in the official surveys of the United

States and field notes thereof as the 'Sunk Lands,' 'St. Francis River Sunk Lands,' the 'Hatchie Coon Sunk Lands,' and the 'Cut-Off Lake;' that the legal subdivisions so bounding were fractional, and in the survey were meandered along such body of water. The plaintiff thereupon claims the lands lying under this body of water; and these are the lands in controversy in this suit to which it (plaintiff) seeks a decree to quiet its title as against the defendants.

. "Plaintiff alleges that these lands are wild, unimproved, and unoccupied; and that the defendants are claiming them under certain deeds; and asks that these be declared void, invalid, and of no force whatever.    -

"The defendants answered and denied that the so-called 'Sunk Land' was a body of water, or that it is shown to be by the surveys of the United States or the field notes; but that it was sometimes temporarily flooded with water, and was land bearing 'trees and vegetables, willow and cypress;' and that the meandered lines run as alleged by plaintiff were run as boundaries, and not for the purpose of finding the number of acres in the sections or legal subdivisions 'for which purchasers would have to pay when the government might dispose of the land.' "

Defendants' answer and cross-bill asserted that in the year 1893 the State of Arkansas, by an act of its legislature, "created the board of directors of the St. Francis Levee District, the purpose being to erect a levee against the waters of the Mississippi River and protect what is known as the St. Francis Basin from overflow by the Mississippi River; that the lands concerning which plaintiffs bring this suit, and cross complainants file this cross-bill, are a portion of the said St. Francis Basin and are originally and naturally subject to overflow from the Mississippi River. That after creating the board of directors of the St. Francis Levee District, the State of Arkansas, by its legislature, to aid in the erection of said levee, granted to the board of directors of the St. Francis Levee District lands within said district, the title to which was in

the State of Arkansas; that this act of donation by the legislature of the State of Arkansas went into effect on the twenty-ninth day of March, 1893, and thereby the legal title to the unsurveyed lands in township 12 north, range 6 east, and township 12 north, range 7 east, became vested in the board of directors of the St. Francis Levee District;" and that thereafter the said board of directors conveyed to defendants' predecessors in title.

The Supreme Court, among other things, said that appellant claimed "the land in controversy by virtue of the contiguity of certain lands, acquired by it from the United States, through the State of Arkansas and other grantors, to what is called 'Sunk Lands' and 'Cut-Off Lake.' This 'Sunk Lands,' from appellant's land on one side to the St. Francis River, a navigable stream, on the other, is there four and six miles wide. In this area there are over ten thousand acres." That "the official maps show that 'Cut-Off Lake' was the water boundary of fractional sections 35 and 36," which, with sundry other fractional sections, formed "the western boundary of what is called 'Sunk Lands,' in controversy."

The patents to the State of Arkansas conveyed "the whole of fractional township" 12 north, range 6 east; and "the whole of the township except section sixteen," T. 12 N., R. 7 east.

The Supreme Court referred to and quoted from *Horne* v. *Smith*, 159 U. S. 40; *French-Glenn Live Stock Company* v. *Springer*, 185 U. S. 47, and *Niles* v. *Cedar Point Club*, 175 U. S. 300; and ruled that in an action to quiet title to wild and unoccupied lands, which the court found these were, plaintiff must succeed, if at all, on the strength of his own title, and not on the weakness of his adversary's; that swampy lands, checked by bayous, subject to inundation, but reclaimable to some extent for agricultural purposes, lying between the Government meander line and the main channel of a river, were not lands the title to which would pass to the grantee by virtue of riparian rights; that such was the character of the lands in controversy, and that plaintiff had failed to show such

a condition in respect of them as would support its claim to riparian rights; that the evidence showed that the elevation of the swampy land between the meander line of plaintiff's land and the main course of the St. Francis River had not changed since the running of the meander line; and that the meander lines were boundaries.

In view of the decisions of this court in *Horne* v. *Smith,* 159 U. S. 40; *Niles* v. *Cedar Point Club,* 175 U. S. 300; *Calumet Canal and Improvement Company* v. *Kean,* 190 U. S. 452; *Iowa* v. *Rood,* 187 U. S. 87, and other cases, and of the findings of the court below, we are of opinion that the jurisdiction of this court to revise the conclusions of that court cannot be maintained. *Moreland* v. *Page,* 20 How. 522; *Lanfear* v. *Hunley,* 4 Wall. 204; *Dower* v. *Richards,* 151 U. S. 658; *Egan* v. *Hart,* 165 U. S. 188; *Israel* v. *Arthur,* 152 U. S. 355; *Hardin* v. *Shedd,* 190 U. S. 508; *Romie* v. *Casanova,* 91 U. S. 379.

The result is unaffected by the exclusion from the evidence of a letter written by the Secretary of the Interior to the Commissioner of the General Land Office, November 17, 1902. It was clearly *res inter alios,* and properly rejected, and the ruling presented no Federal question.

*Writ of error dismissed.*