## McCORD v. WELCH.

### Opinion delivered October 21, 1912.

EJECTMENT—EQUITABLE TITLE.—An equitable title is not sufficient to maintain ejectment.

Appeal from White Circuit Court; *Hance N. Hutton*, Judge; affirmed.

*J. N. Rachels* and *John E. Miller*, for appellant.

1. Amicable family settlements are encouraged, and when fairly made, strong reasons must exist to warrant interference by a court of equity. 15 Ark. 275; 41 *Id.* 270; 64 *Id.* 19; 84 *Id.* 610; 98 *Id.* 93. The cause was improperly transferred to the law court.

2. Proof of seizin and actual possession and "descent cast" makes a *prima facie* case for relief unless a better title is shown. 94 Ark. 59; 31 *Id.* 334; 40 *Id.* 108; 62 *Id.* 51. It was error to direct a verdict.

*S. Brundidge* and *Harry Neelly*, for appellee.

1. The cause was properly transferred to equity. Appellee had been in possession for twenty years or more. 81 Ark. 227. In ejectment plaintiff must recover on the strength of his own title. 96 Ark. 42.

2. The proof of the lost deed is too indefinite, vague and uncertain. 89 Ark. 44.

3.   Plaintiffs had no title, as John H. Perkins had parted with his legal title to McCord before his °death.

McCulloch, C. J.   Appellants are the children and heirs at law of Anna D. McCord, deceased, who, it is alleged, was the owner at the time of her death, in the year 1891, of a tract of land in White County consisting of thirty acres; and they instituted this action to recover possession from appellee.   The action was originally instituted in the chancery court of White County, but, on motion of appellee, and without objection on the part of appellants, the case was transferred to the circuit court of White County, where it proceeded to final judgment as an ejectment suit.   On the trial of the case, after all the testimony had been adduced on both sides, the court gave a peremptory instruction to the jury to return a verdict in favor of appellee.

The only question, therefore, for our consideration is, whether there was sufficient evidence to warrant the submission of the issues to the jury.

It appears from the undisputed testimony that a tract of land, consisting of sixty acres, of which the land in controversy formed a part, was originally owned by John H. Perkins, who was the father of Anna D. McCord.   He sold the land to his son-in-law, W. C. McCord, who was the husband of Anna D., and took his notes for the sum of $400 to cover the purchase price.   The testimony adduced by appellants established the fact that John H. Perkins executed to W. C. McCord a deed conveying said lands to the latter, but that, after the death of Perkins, Mrs. McCord and the other children of Perkins treated the land as a part of the estate, and entered into an agreement for the division of the same.   The testimony tended to show that the heirs allotted to Mrs. McCord the land in controversy and executed a deed to her conveying the same.   That deed, having been lost, could not be produced, but appellants attempted, by testimony, to account for its execution. The testimony also tended to show that W. C. McCord consented to that division of the property and that his purchase money notes, which had never been paid, were returned to him and destroyed, but he did not join in the conveyance of the land or even surrender his deed which had never been recorded. Subsequent to his wife's death, he conveyed the land to one

Irvin, and the legal title passed by mesne conveyances to appellee. In this state of the proof, the trial court took the case away from the jury by a peremptory instruction in appellee's favor, and we are of the opinion that it was proper to do so. According to the undisputed evidence, the legal title was transmitted from Perkins to W. C. McCord by the former's deed, and thence to the appellee. The legal title had never been vested in appellants, whatever may be said of their equitable rights in the land, as it is well established that an equitable title is not sufficient to maintain ejectment. *Percifull* v. *Platt*, 36 Ark. 456; *Stricklin* v. *Moore*, 98 Ark. 30.

It is unnecessary to discuss the question whether, under the proof in this case, the appellants have any equitable rights in the land capable of assertion at this time, inasmuch as the case was transferred from the chancery court and tried in the circuit court as an ejectment suit without objection on their part.

No error was committed by the trial court, and the judgment is therefore affirmed.