## Holub v. Titus.

### Opinion delivered November 8, 1915.

1. Pleading and Practice—Ejectment—Amendment to Response.—A. claimed land under a contract of purchase from B. A subsequent grantee of B brought an action of ejectment against A., and the chancellor found in B.'s favor, but made no finding as to A.'s rights growing out of certain improvements made by him on the land. *Held*, that issue being necessarily involved in the case, the court should have admitted testimony offered by A. on that issue, and should have treated the answer as amended to conform to the proof, or permitted A. to make an appropriate amendment covering the point.

2. Color of Title—How Acquired.—Color of title may be given by descent cast, by judgments or decrees, and by statutes, but where the claim of color of title depends on the voluntary conveyance of one person to another, that conveyance must be in writing.

3. Color of Title—Quitclaim Deed.—Color of title may be given by a quitclaim deed.

4. Color of Title—Improvements.—Where A., under a quitclaim deed, made certain improvements on land covered by said deed, the quitclaim deed will be treated as such color of title as to permit him to recover the value of his improvements. if he purchased the land in good faith and under the supposition that he was obtaining a good title in fee.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; affirmed as to the award of land, but remanded for further hearing upon the question of improvements.

*Mann, Bussey & Mann,* for appellant.

1. The record proves that Joseph Holub, Sr., the father of appellant, at the time he entered upon the property in controversy, did so under contract with Dan D. Titus, to purchase the same, and the deed subsequently executed by Titus to him was in pursuance of this contract.

2. The deed from Titus to appellee and his brother was for a mere nominal consideration and constitutes no more than a gift from parent to child. It cannot be sustained against a stranger purchasing from the parent for a valuable consideration. 1 Warvell on Vendors, § 55.

3. If it should be held that appellee's title is superior to that of appellant, the latter is still entitled to improvements placed upon the property, and the court erred in refusing to permit an amendment claiming such improvements, and in excluding testimony offered to show their value. Kirby's Dig. § § 6140, 6145; 57 Ark. 426; 62 Ark. 431; 59 Ark. 215; 64 Ark. 257.

*J. W. Story,* for appellee.

1. The deed from D. D. Titus to his sons was executed May 18, 1895. The deed to Joseph Holub, Sr., was made June 19, 1902. This court has said: "A deed executed after a voluntary conveyance will not defeat it, or convey a greater estate than remains to the grantor."

2. It was not error to exclude testimony as to improvements made by appellant, if no claim therefor was made in the answer. 75 Ark. 146; 15 Cyc. 234, and cases cited. The answers filed by the appellant did not allege, neither did the depositions offered show, that appellant believed himself to be the owner under color of title when any improvements were made. On the other hand, his answer alleges, and his testimony attempts to show, that his father entered upon the land *under a contract to purchase,* which is not color of title authorizing recovery for improvements. Kirby's Dig. § 2754; 67 Ark. 184.

"A quitclaim deed from one not in possession at the time of its execution is no evidence of title, much less when the party claiming under it was already in possession when the deed was given." 57 Mich. 216; 9 Am. & Eng. Enc. of L. 106.

SMITH, J. This is a suit in ejectment, both parties thereto claiming title through one D. D. Titus. The testimony in the case was devoted chiefly to the answer to this question: "Was D. D. Titus the owner and in possession of the land when he and his wife, Nancy K. Titus, executed the deed to their two sons, John D. Titus and James M. Titus, on May 18, 1895, and filed for record on May 20, 1895? Or had D. D. Titus prior to May 20, 1895, placed appellant in possession of the land under a contract of purchase?"

Appellees were the plaintiffs below and claimed title under the deed dated May 18, 1895, and they prayed the cancellation of a deed from D. D. Titus to appellant dated June 19, 1902, and appearing of record in the office of the Recorder of St. Francis County. This last was a quitclaim deed. Appellant, however, based his claim of title upon a parol contract of purchase under which he says he entered upon the possession of the land in the fall of 1894, since which time he had continuously occupied it as owner, and he says the quit-claim deed was executed pursuant to this agreement, and he alleged the facts so to be.

On appellees' motion the cause was transferred to equity, where the court found against appellant's contention.

The evidence in the case is conflicting, and upon a consideration of it we are unable to say that the chancellor's finding is clearly against the preponderance of the evidence.

(1) The court below found the issue of fact in appellees' favor, but refused to make any finding in appellant's favor on account of his claim for improvements. When appellant undertook to read the depositions taken to show the value of the improvements, exceptions were

filed to this evidence on the ground that the answer did not set up a claim for the improvements. Whereupon appellant filed an amendment to his answer, but exceptions were filed to this amendment and sustained by the court, and no finding was made by the court on this question. These depositions were taken some time before the trial and related to an issue which was necessarily involved in the case. No surprise could have been occasioned appellees by reading the depositions, and we think the court should either have treated the answer as amended to conform to this proof, or should have permitted the amendment to be made, imposing terms, if necessary, to secure a full hearing on that question.

It is urged, however, that appellant cannot recover for his improvements because he has no color of title. It is essential under the statute for one, not only to have acted in good faith, but also to have color of title to recover the value of his improvements. Section 2754 of Kirby's Digest.

(2) We think appellant had no color of title until he secured his quit-claim deed, prior to which time he claimed to have had possession under a parol contract to convey the land to him. Color of title may be given by descent cast, by judgments or decrees, and by statutes, but where the claim of color of title depends on the voluntary conveyance of one person to another that conveyance must be in writing. 1 Cyc. 1083. The authorities do not all so hold, but we think the weight of authority is to this effect, and the cases so holding are better considered and are based upon the sounder reasoning. 1 R. C. L. 708, and cases cited.

(3) It is further contended that the quit-claim deed to appellant itself was not color of title, and there is eminent authority to sustain this position, among other cases so holding being that of *Anderson* v. *Thunder Bay River Boom Co.*, 57 Mich. 216. We do not approve this holding, and although the question has never been expressly decided by this court, our decisions which bear on

this subject appear to be against that view. In the case of *Bagley* v. *Fletcher*, 44 Ark. 153, it was said:

"In England we understand the law to be that a deed of release can never operate technically as a conveyance *per se*, but only by way of enlargement of a previous estate. Consequently if the releasee were not in possession and had not some other interest in the land, he had no estate to be enlarged. But in this country a quit-claim deed is a substantive mode of conveyance, and is as effectual to carry all the right, title, interest, claim and estate of the grantor, as a deed with full covenants, although the grantee has no possession of or prior interest in the land. It is almost the only mode in practice where the vendor does not wish to warrant the title."

In the case of *Beard* v. *Dansby*, 48 Ark. 183, the court, in discussing the betterment act, said:

"The only requirements of the act are, that the occupant should have had peaceable possession, at the time the improvements were made, under color of title and under the belief that he was the owner of the land. Any instrument having a grantor and grantee, and containing a description of the lands intended to be conveyed, and apt words for their conveyance, gives color of title."

In the case of *Teaver* v. *Akin*, 47 Ark. 528, the court defined color of title to be that which in appearance is title, but which in reality is no title, and quoted with approval from the case of *Hall* v. *Law*, 102 U. S. 461, as follows: "Whenever an instrument, by apt words of transfer from grantor to grantee, in form passes what purports to be the title, it gives color of title." See, also 3 Washburn on Real Property (6th ed.), sec. 1981; *Power* v. *Kitching*, 86 N. W. 737, 88 Am. St. Rep. 708; 1 R. C. L. 711; 1 Cyc. 1095.

(4) It is finally insisted that the quit-claim deed to appellant can not constitute color of title for the reason that at the time of its execution a prior conveyance to appellees had been placed of record. But this fact is not conclusive. A similar contention was made in the case of *Beard* v. *Dansby, supra*, but it was there said:

"But the constructive notice of an adverse title, which the law implies from the registry of a deed, is not sufficient to preclude the occupant from recovering for improvements, if he, in fact, purchased in good faith and under the supposition that he was obtaining a good title in fee. Actual notice is the test—that is, either knowledge of an outstanding paramount title, or of some circumstance from which the court or jury may fairly infer that he had cause to suspect the invalidity of his own title. Now, the mere fact that the defect in the title would have been disclosed upon an examination of the public records does not bring such knowledge home to him; for it is not inconsistent with his ignorance of the existence of such a deed, nor with an honest belief that his title is uncontested."

The decree of the court below insofar as it awards the land to appellees will be affirmed, but the cause will be remanded for further hearing upon the question of improvements made since the date of the quit-claim deed.