## HOLUB v. TITUS.

### Opinion delivered April 16, 1917.

IMPROVEMENTS—COLOR OF TITLE—GOOD FAITH.—Where appellant claimed to hold land under a quitclaim deed, and sought to recover the value of improvements made thereon, he will not be permitted to do so, when it does not appear whether he made the alleged improvements before or after receiving the quitclaim deed, or whether they were made under the honest belief of ownership.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Mann & Mann,* for appellant.

The court erred in finding that defendant neither alleged nor testified that he made the improvements under color of title, believing himself to be the owner. He so alleged in his answer, and brought himself squarely within the statute. The pleadings and testimony support his claim for betterments. Appellants made improvements necessary to the use and enjoyment of the property of the value of $1,493.50, and his claim should have been allowed. On the former appeal (120 Ark. 620), it was held that appellee was not entitled to rents, and he did not appeal.

*Walter Gorman,* for appellee.

The court properly found against appellant on his claim for improvements. The decree is right and should not be disturbed. It is not shown when the improvements

were made, whether prior or subsequent to the quitclaim deed, nor does it appear that they were made under the honest belief of ownership.

SMITH, J. This is the second appeal in this case. The opinion upon the former appeal is reported in 120 Ark. 620. It appears, from the opinion there found, that this was a suit in ejectment, which, upon motion, was transferred to equity, and there tried. At the trial from which the first appeal was prosecuted, Titus, who was the plaintiff below, undertook to read certain depositions taken to show the value of improvements made by him; but the court refused to consider these depositions and made no finding on the question of improvements, and the cause was remanded on that account.

It was contended by Holub, upon the former appeal, that he was entitled to the value of any improvements made by him at any time after his entry upon the land pursuant to a parol contract of purchase; but we held that he had no color of title until he secured his quitclaim deed, and any recovery for improvements would be limited to the value of improvements made subsequent to the date of this deed. Titus insisted, upon this former appeal, that a quitclaim deed did not constitute color of title; but we held against him in that contention. He also insisted there could be no recovery because Holub did not make the improvements in good faith, believing himself to be the owner of the property improved, and, in support of this plea, it was pointed out that the deed to Holub was executed in June, 1902, whereas his grantor had, in May, 1895, executed a deed to the land to Titus, and that this deed had been placed of record two days after its execution. We said, however, that the constructive notice of a deed following its registration was not conclusive of the question of good faith; that actual notice of the outstanding paramount title, or the existence of circumstances from which the court or jury might fairly infer that the occupant had cause to suspect the invalidity of his title, was the test. Having thus announced the law, the cause

was remanded for further hearing upon the question of improvements made since the date of the quitclaim deed. Upon the remand of the cause, Holub filed the following amendment to his answer:

"Comes the defendant, Frank E. Holub, and again offers to amend his answer herein, and for such amendment to answer to the complaint, says:

"That, acting under the deed herein from D. D. Titus to Joseph Holub, Sr., under date of June 19, 1902, this defendant and those under whom he claims placed valuable improvements on said property of the value of fifteen hundred dollars, and should the court decree the possession of the land to the plaintiff, that such possession be not delivered up to the plaintiff until the value of the improvements placed thereon by the defendants be paid."

There was a prayer for the value of such improvements, and for general and proper relief.

Titus filed a reply to this amendment, containing a general denial of its allegations, and, in addition, alleged that the improvements Holub had placed upon the land were suitable only for general headquarters for a stock farm, such as barns for housing large numbers of cattle and horses, and storing feed for same, in connection with other lands owned by Holub, and added nothing to the value of the land, except for the purposes for which Holub intended to use it. Appellant has abstracted only the depositions of witnesses Kaufmann and Brown., These witnesses testified as to the improvements, which they described as a dwelling house, a pig pen, a chicken coop, a barn, a corn crib, a dipping tank, and certain sheds, catalpa posts, a pump, three and a half acres of cleared land, and a five-acre orchard, some fence, and a few other similar items. These witnesses did not undertake, however, to state when these improvements were made, nor to what extent they had enhanced the value of the land. Moreover, Holub did not testify. If it be said that the allegation of Holub's amended answer that, in making the improvements, he had acted under the deed to him from D.

D. Titus, dated June, 1902, was a sufficient allegation to admit proof of good faith in making improvements, it still does not appear that any testimony was offered in support of that allegation. It is only by inference that we can say the amended answer contains this allegation, and the testimony as abstracted does not support the allegation. The questions before the court upon the trial from which this appeal was prosecuted were: When were the improvements made? To what amount did they enhance the value of the land? And were they made by Holub while he believed himself to be the owner of the land?

From the testimony as abstracted it does not appear whether the improvements were made prior to the execution of the quitclaim deed to Holub, or since that date; nor does it appear from the testimony abstracted whether they were made under the honest belief of ownership. Under this state of the record, we can not say that the finding of the court that "it still appearing that the defendant neither, in pleading or testimony, brings himself within the terms of the statute, in that, he neither alleged nor testified that he made the improvements believing himself to be the owner," is clearly against the preponderance of the evidence, and the decree of the court below, disallowing the claim for improvements, is, therefore, affirmed.