CRAIG v. SIMPSON.

Opinion delivered January 25, 1926.

REFORMATION OF INSTRUMENTS—PLEADINGS.—A complaint in a suit by tenants to reform a lease which alleged that, during the negotiations for the lease, it was agreed that the tenants should have an option for an extension of the lease, which was to be incorporated in the written lease, and that plaintiffs read the lease hurriedly and relied upon the statement of defendants' attorney that the option was incorporated in the written contract, *held* demurrable as being too indefinite to charge either mistake or fraud.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; reversed.

*Robert Bailey,* for appellant.

*Ward & Caudle,* for appellee.

HUMPHREYS, J. This suit was brought in the circuit court of Pope County by appellant to evict appellees from a certain store building and warehouse in Russellville, under the provisions of the forcible entry and detainer statute. The material allegations of the complaint are as follows:

First, that appellant is the owner of certain business property, including a warehouse, in the city of Russellville, and is lawfully entitled to the possession of same.

Second, that appellee occupied said premises under a written lease executed on the 10th day of May, 1920, for a term of four years, three months, and twenty days, or until the 1st of September, 1924, at a monthly rental of $125.

Third, that the rent on said premises is now worth $150 per month, exclusive of the warehouse in the rear of said building, for which appellant has been offered $25 per month.

Fourth, that appellant gave appellees a three-days' notice to vacate on the 13th day of October, 1924, and that they refused to give possession, and unlawfully held said property.

Fifth, that appellees are indebted to appellant in the sum of $175 as rent accrued on said premises for the month of September, and that he is entitled to recover rent at the rate of $175 per month until possession is surrendered, together with $500 damages for the unlawful detention of said premises.

Appellees filed an answer, the material parts of which are as follows: They expressly admit appellant's ownership of the property in question, and the execution of the alleged lease, and impliedly admit receiving a three-

days' notice in October, 1924, to vacate the premises. They then deny that the premises, including the warehouse, are worth $175 per month, and that they are inde'bted in the sum of $175 to appellant for the use of the premises for September, 1924, that he is entitled to $175 per month subsequently thereto, and that appellant has been damaged in the sum of $500 or in any other sum for the alleged unlawful detention of said premises.

By way of further defense they allege that, during the negotiations for the lease to the property, it was agreed that appellees should have an option for the extension of the lease for a term of five years at a rental equal to what any other *bona fide* applicant would pay for the premises, that the option would be incorporated in the written lease, and that they hurriedly read the lease prepared by appellant's attorney, and relied upon the statement of appellant that this option was incorporated in the contract. The complaint and answer were both sworn to. Exhibits were filed to the pleadings, but it is unnecessary to refer to them, as the case was finally determined on the pleadings. Exhibits do not control the pleadings at law, as they do in equity.

Appellant filed a general demurrer to the answer, which was overruled by the court, over his objection and exception. He then refused to produce any testimony in support of the allegations of the complaint, but elected to stand upon his demurrer, whereupon the court dismissed his complaint, from which is this appeal.

When the case was called for trial, it was agreed by and between appellant and appellees that the rent on said premises was then worth $175 per month, payable in advance, and the rents should be paid, beginning September 1, 1924, until this case is finally determined in the Supreme Court.

Appellant's contention for a reversal of the judgment is that the appellees' answer was not sufficient to challenge appellant to proof of the allegations of his complaint. As the answer admitted the alleged owner-

ship of the property and the execution of the lease, since the parties agreed on the rental value of the premises, and since the demurrer waived damages for a detention of the property other than the payment of the rent, the only allegation in the answer which pretends to tender any issue calling for proof related to the understanding between the parties that appellant should have an option for a five-years extension of the lease, and the representation by appellant that the option was incorporated in the contract. This allegation was in the nature of mistake or fraud, calling for a reformation of the written instrument. We do not think the allegation was sufficiently definite to charge either mistake or fraud. Reformation was not asked upon either ground, so the demurrer should have been sustained.

The judgment will therefore be reversed, with directions to sustain the demurrer, and for further proceedings not inconsistent with this opinion.