Shreve *v.* Carter.

Opinion delivered July 2, 1928.

816

*Joiner & Stevens,* for appellant.

*Mahony, Yocum & Saye,* for appellee.

SMITH, J. Appellant filed a complaint which contained, in substance, the following allegations.

That on April 8, 1926, she purchased from defendants, J. W. Carter and Mayme, his wife, a strip of land eight by one hundred and fifty feet off of a lot in the city of El Dorado; "that the defendants on that day executed and acknowledged to her their warranty deed, and deposited the same in the National Bank of Commerce, and on the same day this plaintiff deposited the consideration of $120 in said bank for these defendants; that, under the contract plaintiff had with defendants, title was to pass on that day, and did pass at that time; that it was agreed that plaintiff's title was to be free from any and all liens, and was to be in fee simple." That, four days later, defendants executed a deed of trust to the First National Bank covering the strip conveyed to plaintiff and other lands to secure a loan of $4,280, which deed of trust, dated April 12, 1926, was filed for record April 13, 1926; that defendants inserted in their deed to plaintiff a clause which read that the deed was made subject to the deed of trust to the bank; that said clause was written in said deed after the consideration had been paid and the title passed, and without the knowledge or consent of this plaintiff, and is a cloud upon the title of this plaintiff. As soon as the plaintiff discovered this alteration of the deed, she went to the defendants and asked that they make another deed in accordance with their contract. That defendant Carter undertook to destroy the deed, but she would not permit him to do so, as it was the only written evidence of the contract. That defendant Carter and his wife refused to make another deed or to remove this cloud from her title, although the owner of the deed of trust agreed to release the strip of land here in question from the deed of trust if the defendants would request that action, but that they declined to make the request. That on the 24th day of June, 1926, in a further effort to cloud the title of this plaintiff, the defendant J. W. Carter executed a warranty deed to his wife, conveying this strip of land, which deed is alleged to be void, but a cloud on plaintiff's title, which defendants have refused to remove after

request so to do, and the defendant Mayme Carter claims to own said land under said deed. That the plaintiff is in possession of said property, and has been all the time.''

Upon these allegations plaintiff prayed ''that the defendants be required to perform their contract by delivering to her a good and fee simple title to this land, free from liens, and that her title be quieted and confirmed as against them, and, if they do not remove the lien on said land, that she have judgment in damages in the sum of $1,500, and for all other legal and equitable relief.''

A demurrer to this complaint was filed and sustained, and, as plaintiff stood on her complaint, the same was dismissed as being without equity, and from that decree is this appeal.

It obviously appears that the complaint is very loosely drawn, but this affords no ground of demurrer if a cause of action is stated, however defectively, and in determining whether a cause of action has been stated, every allegation made therein, together with every inference which is reasonably deducible therefrom, must be considered. *Brown* v. *Ark. Central Power Co.*, 174 Ark. 177, 294 S. W. 709, and cases there cited.

A motion to make the complaint more definite and certain was not filed, but, had the demurrer been treated as a motion to that effect, the motion should have been sustained in the particulars indicated herein.

It is insisted that the demurrer was properly sustained for several reasons.

(1). That the complaint shows on its face that plaintiff accepted a deed which was made subject to the deed of trust, that exception having been incorporated in the deed before its delivery to plaintiff.

The allegations of the complaint do not necessarily imply that plaintiff accepted a deed made subject to the deed of trust. It is argued that the deed was placed in escrow with the bank, and, while so in escrow, the alteration was made, and that this alteration appeared in the face of the deed, and that plaintiff accepted the deed as

altered, and thereafter paid the consideration recited therein. But it was not alleged that the deed was in escrow and was altered while it was. On the contrary, the allegation of the complaint is that the deed was delivered to the bank for plaintiff, and that she paid to the bank for defendants the agreed consideration for the deed, and that the title passed when these events occurred. There are no allegations that there were any conditions to be performed by either the plaintiff or the defendants after the deed and its consideration had been placed in the hands of the bank. A motion to require a specific allegation of the conditions under which the deed was placed in the possession of the bank would have been proper and appropriate.

If the bank was constituted the agent for each of these parties, with no duty to perform except to deliver the deed as originally executed and without the alteration, upon receipt of the purchase money, and while so holding the deed the bank received for defendants the purchase money, there was a delivery of the deed, and the title to the land there described passed upon that delivery, although the bank may not have actually turned the deed over to plaintiff until a later date and at a time when defendants had altered it.

In the case of *Russell* v. *May*, 77 Ark. 89, 90 S. W. 617, Mr. Justice BATTLE, for the court, said:

"A delivery of a deed is essential to its validity. It cannot take effect without delivery, and what is a delivery depends upon the intention of the grantor. Any disposal of a deed, accompanied by acts, words, or circumstances which clearly indicate that the grantor intends that it shall take effect as a conveyance, is a sufficient delivery."

A full recital of the conditions upon which the deed had been delivered to the bank should have been required had a motion to that effect been made, and such a recital might show that the alteration of the deed had been made before a delivery to plaintiff had been effected, in which event the plaintiff would have had the option to refuse

to accept the deed and to demand the return of her money by the bank, or to have demanded the specific performance of the contract to convey an unincumbered title, and, if it had become impossible to grant that relief, to ask damages for the breach of the contract. If, on the other hand, as defendants argue (but not as the complaint alleges), plaintiff accepted a conveyance made subject to the deed of trust, she must be content with her purchase, and cannot ask the court to decree her something she did not buy, to-wit, an unincumbered title. *Geren* v. *Caldarera*, 99 Ark. 260, 138 S. W. 335.

(2). It is argued that the demurrer was properly sustained because it was not alleged that the alteration of the deed was the result of a mutual mistake. A mutual mistake affords ground for the equitable relief of reformation, but it is not the only ground upon which that relief will be awarded. As we have said, the complaint is susceptible of the construction, in its existing form, of alleging that the deed was altered after its delivery to plaintiff and after the payment of the consideration, and without plaintiff's knowledge or permission. If true, this is a fraud which equity would correct by reformation, if there were no intervening rights of innocent third parties which prevented the granting of that relief. *Craig* v. *Simpson*, 170 Ark. 214, 279 S. W. 996. The complaint alleges, however, that the owner of the deed of trust has offered to release the strip of land from the deed of trust.

(3). It is next insisted that the demurrer was properly sustained because it appears from the complaint that plaintiff has not been evicted from her possession. The suit is not primarily one for damages, and that relief is prayed in the event only that plaintiff's title is not quieted.

It is finally insisted that the deed from Carter to his wife is not a cloud on plaintiff's title, for the reason that the complaint alleges the execution of this deed subsequent to the execution of the deed to plaintiff, and that, if Mrs. Carter had any title, it would pass to plain-

tiff as an after-acquired title under § 1498, C. & M. Digest, because Mrs. Carter was a party to the warranty deed to plaintiff.

It is true an after-acquired title inures to the bene fit of the grantee of one who has conveyed real estate by a deed purporting to convey the same in fee simple abso- lute, but the allegations here are that the Carters owned the land conveyed to plaintiff, and that Mr. Carter later conveyed to his wife, "who is claiming to own said prop- erty adverse to the plaintiff." We think these allega- tions are sufficient to entitle plaintiff to maintain a suit to quiet the title against the claim of Mrs. Carter.

We conclude therefore that a cause of action was stated—very defectively, it is true—and that the demur- rer to the complaint should not have been sustained, and the decree dismissing the complaint will therefore be reversed, and it is so ordered