LUCADO *v.* A. HIRSCH & COMPANY, INC.

4-6602                                                  158 S. W. 2d 697

Opinion delivered February 16, 1942.

*Scipio A. Jones* and *Elmer Schoggen,* for appellant.
*Dinning & Dinning,* for appellee.

SMITH, J.   Appellant, by inheritance from his father and by purchase of the interests of the other heirs of his father, is the owner of the original title to the land here in litigation.

Taxes due the Greenbrier Drainage District were not paid, and the land was sold on March 25, 1936, under a

decree foreclosing the lien of the district, at which sale Hirsch & Company became the purchaser. The sale was reported to and confirmed by the court on July 25, 1938, and the commissioner's deed to Hirsch & Company, based thereon, was duly recorded, after which Hirsch & Company took possession of the land. On December 13, 1937, Hirsch & Company executed to appellant a quitclaim deed for the land, and he brought this suit to recover possession thereof. The suit was dismissed as being without equity, and from that decree is this appeal.

The decree is defended upon the ground that the quitclaim deed did not convey the title subsequently acquired by Hirsch & Company through the commissioner's deed.

It is well settled, of course, that a quitclaim deed does not operate to convey a title subsequently acquired by the grantor in a deed of that character; but it is equally as well settled that a quitclaim deed does convey all title and any interest owned by the grantor at the time of its execution. A leading case on this subject in this state is that of *Bagley* v. *Fletcher,* 44 Ark. 153, where it was said that ". . . in this country a quitclaim deed is a substantive mode of conveyance, and is as effectual to carry all the right, title, interest, claim and estate of the grantor, as a deed with full covenants, although the grantee has no possession of or prior interest in the land. It is almost the only mode in practice where the vendor does not wish to warrant the title." See, also, *Holub* v. *Titus,* 120 Ark. 620, 180 S. W. 218; *Beith* v. *McKenzie,* 191 Ark. 353, 86 S. W. 2d 176.

Hirsch & Company had an interest in the land when the quitclaim deed was executed, and the deed conveyed that interest.

It was said, in the case of *Brasch* v. *Mumey,* 99 Ark. 324, 138 S. W. 485, Ann. Cas. 1913B, 38, that "The effect of the confirmation of a judicial sale is, however, primarily to determine that such sale has been made in due compliance with the provisions of the decree; and where such sale is made fairly and honestly, and in due compliance with the provisions of the decree, the purchaser has

a right to insist upon its due confirmation. When a confirmation of sale is made, all objections thereto are concluded, and the bargain becomes complete, and the rights springing therefrom relate back to the date of the sale which was made by the commissioner. After the commissioner's sale is confirmed, the rights of the purchaser relate back to the date of the sale made by him, and the purchaser is then considered the owner from and after that date. (Citing cases.)''

Ordinarily, purchasers at these commissioners' sales are given a certificate evidencing the purchase, and Hirsch & Company, no doubt, received one, or, in any event, were entitled to one. Now, after purchasing at the commissioner's sale, but before the confirmation thereof, Hirsch & Company executed to appellant a quitclaim deed for the land purchased and here involved. This was, in equity and in legal effect, an assignment of the certificate of purchase, which carried any right or interest therein owned by Hirsch & Company. It could have been nothing less. Hirsch & Company had an interest in the land, that interest being the right to receive a commissioner's deed therefor upon the approval of the commissioner's sale, and the quitclaim deed conveyed that right and interest. The commissioner's deed should have been issued to appellant, and not to Hirsch & Company, and Hirsch & Company will not be heard to say that it has now the title acquired after the execution of the quitclaim deed. Hirsch & Company had the right, when it executed the quitclaim deed, to receive the commissioner's deed upon the approval of the sale made by the commissioner, and this right and interest were conveyed to appellant by the quitclaim deed.

Circuity of action will be avoided and further litigation rendered unnecessary, and equity will be administered by holding, as we now do, that Hirsch & Company took title, under the commissioner's deed, for the use and benefit of appellant, who now owns such title as the commissioner's deed purported to convey.

The decree of the court below will be reversed, and the cause remanded with directions to enter a decree conforming to this opinion.