## C. H. SCOTT *v.* Loma Beatrice RUTHERFORD

5-4333                                    419 S. W. 2d 595

### Opinion delivered October 23, 1967

*Guy H. Jones* and *Phil Stratton,* for appellant.

*A. F. House,* for appellee.

Conley Byrd, Justice. Appellant, C. H. Scott, appeals from an order of the trial court sustaining the demurrer of appellee, Loma Beatrice Rutherford, to a complaint in ejectment.

The complaint as amended, together with the attached documents, alleges that appellant, through J. H. Mize, holds an undivided 1/5 interest in the lands involved. The allegation regarding the deed from appellee to J. H. Mize is as follows:

"That defendant has admitted execution of said deed to plaintiff's predecessor in title; defendant has admitted acknowledgment of said deed conveying the lands described in the original complaint herein to plaintiff's predecessor in title; for an amendment to his orginal complaint herein plain-

tiff alleges that defendant delivered said deed to her agent and brother, Keith Rutherford, with instructions to him to deliver said deed to the Union National Bank and there to be held by said bank and delivered during regular banking hours on or before February 5, 1960, to Oresta Wilkins, agent for plaintiff's predecessor in title, upon payment of $5,000.00 therefor; that a letter addressed to Oresta Wilkins and signed by Keith Rutherford is attached hereto as Exhibit 'A' as evidence of the circumstances giving rise to the deposit of said deed in escrow with said bank; that a facsimile of the receipt of said deed by said bank is attached hereto as Exhibit 'B.'

"That subsequent thereto and before the close of regular banking hours on February 5, 1960, said deed was surreptitiously recovered from said bank by one of defendant's attorneys; that said deed was then mutilated by removal of the signatures thereon; that defendant has admitted that said deed is at this time in possession of her attorneys; that said attorneys have promised the court that the original deed would be produced in lieu of the facsimile heretofore produced by defendant which deed has been made a part of the record and is adopted by way of amendment to the original complaint herein."

Exhibit A, a letter from Keith Rutherford, a brother of appellee, to Oresta Wilkins, reads as follows:

"This will confirm our recent conversations pertaining to the receipt that you and I secured from Mrs. White, an employee of the Union National Bank, Little Rock, Arkansas, in acknowledging the deposit of a Warranty Deed executed by Miss Loma Rutherford, my sister, to J. H. Mize, Grantee for her one-fifth interest in the J. H. Rutherford's estate. Deed deposited on February 3, 1960.

"This Agreement was consummated at the home of my sister, Miss Loma Rutherford, and her signature was witnessed by me, Keith Rutherford, her brother C. H. Rutherford, and yourself, and notarized by you. C. H. Rutherford and I, after a thorough discussion of this proposal with our sister told her that we thought it a fair and equitable proposal but that she should make up her own decision in accepting it. She did sign the instrument in good faith. I might add that you, as the purchaser, in behalf of J. H. Mize, Grantee, that you did not use any pressure of any character.

"You and I deposited the Warranty Deed on February 3, in the Union National Bank, and of course, I was acting as my sister's agent, and followed her instructions by accompanying you to the bank. I specifically told Mrs. White to deliver this Warranty Deed to you, upon payment of $5,000.00, as first payment on purchase of her interest during regular banking hours by February 5th, 1960.

"When you telephoned me on February 5, 1960, and told me that you had tendered the $5,000 payment, per agreement, but was told that the Union National Bank had delivered the Deed to Mr. Harry Meek, Attorney, I was surprised and embarrassed, as this agreement of sale was entered into in good faith and should have been completed.

"I do hope that this statement will assist you in clarifying any unfavorable feeling that Mr. Mize might have had against you, because of the manner in which this agreement was violated.

"I want to emphasize the fair and equitable manner which you have always carried out your promises to me."

Exhibit B, attached to the amended complaint, is a receipt used by Union National Bank when accepting

items for collection. The receipt shows the total amount to be $10,000, payable $5,000 cash in hand and $1,000 annually. On its face is this notation: "This Receipt is NOT NEGOTIABLE and is accepted subject to the rules of the Union National Bank governing Collection Items."

In ruling on appellee's demurrer and alternative motion to transfer to equity, the trial court properly offered to transfer same to equity before ruling on the demurrer. However, on appellant's objection to the transfer to equity, the trial court ruled that the complaint failed to state a cause of action in ejectment.

Under Ark. Stat. Ann. § 34-1401 et seq (Repl. 1962), the exhibits attached to the complaint, as required by § 34-1408 to show plaintiff's title in an ejectment action, are part of the pleadings, *Jones* v. *Harris,* 221 Ark. 716, 255 S. W. 2d 691 (1953).

Although it is true that appellant alleged as a conclusion that the bank was an escrow agent from whom the deed was surreptitiously recovered, we agree with the trial court that the facts pleaded do not show legal title in appellant on which he can recover in ejectment. We have consistently held that in ejectment a plaintiff must recover on the strength of his own title and not on the weakness of his adversary's title, *McCrory School Dist.* v. *Brogden,* 231 Ark. 664, 333 S. W. 2d 246 (1960), and that the owner of an equitable title can not maintain an action in ejectment, *Percifull* v. *Platt,* 36 Ark. 456 (1880). In such case the owner of an equitable title is required to go into a court of chancery to secure the recognition and assertion of his title. *Maupin* v. *Gaines,* 125 Ark. 181, 188 S. W. 552 (1916).

Appellant, to sustain his argument that the complaint was sufficient against the demurrer filed, relies on *Shreve* v. *Carter,* 177 Ark. 815, 8 S. W. 2d 443 (1928). However, in *Shreve* v. *Carter* it was pointed out that the complaint in equity was very loosely drawn and

that a motion to make more definite and certain, if it had been filed, should have been sustained. Here appellee's motion asking that appellant comply with Ark. Stat. Ann. § 34-1408 (Repl. 1962) by attaching the muniments of title upon which he relied took the place of a motion to make more definite and certain, and the result thereof clearly shows that Union National Bank received the deed from appellee for collection purposes. The receipt certainly refutes appellant's position that the bank was acting as agent for appellant's grantor, J. H. Mize.

Affirmed.