465 S.W.2d 911 (1971)
Joe McKIM, Appellant,
v.
Jane Sutherland McLINEY et al., Appellees.
No. 5-5512.
Supreme Court of Arkansas.
April 12, 1971.
*913 Davis & Reed, Springdale, for appellant.
Crouch, Blair, Cypert & Waters, and Wade, McAllister, Wade & Burke, Springdale, for appellees.
FOGLEMAN, Justice.
Joe McKim alleges that the chancery court erred in sustaining general demurrers of Butane Service, Inc. and Jane Sutherland McLiney, et al, Trustees, to his amended complaint, which the court dismissed. We agree.
McKim alleged that he was the owner of the lands described in his complaint, and that he acquired his equity, ownership, title and interest in and to the foregoing lands by the following:
1. L-P Gas Company Warranty Deed to Joe McKim dated August 5, 1963, and filed for record August 6, 1963.
2. Quitclaim Deed from Cy Carney Et Ux to L-P Gas Company, dated April 16, 1970.
3. Purchase by Cy Carney of the entire assets of Butane Service Co., Inc. of Springdale, Arkansas on November 8, 1947, as reflected by contract exhibited.
4. Sam Ennis and Sylvia Ennis, husband and wife, Warranty Deed to Butane Service Co. of Springdale, Arkansas, dated April 8, 1946, and filed for record on April 20, 1946.
McKim further alleged that Jane Sutherland McLiney, et al, as Trustees for certain named persons were making an apparent claim of title and possession by reason of a recorded quitclaim deed from L. R. and Ethel Mae Bennett to John W. Sutherland, dated March 23, 1967, and Sutherland's recorded deed of gift, dated January 19, 1970, conveying the lands to Jane Sutherland McLiney, et al, as Trustees for Thomas M. Sutherland, Mark B. Sutherland and Christopher L. Sutherland. (These appellees will hereinafter be referred to as the Sutherland trustees.)
McKim then alleged that he and his predecessors in title had been the sole and exclusive owners of the above described lands (which he alleged to be "wild"), in actual or constructive possession (except for such part as may have been entered upon by John W. Sutherland during the preceding 3-year period), for more than 25 years prior to the filing of his amended complaint, during which time they had continually paid the taxes thereon. Appellant asserted that Butane Service Company, Inc. might claim some interest in the land because of its failure to execute a conveyance pursuant to its contract with Carney. McKim further alleged that he had no adequate remedy at law to establish his equitable title or interest, to quiet or confirm his title, to revoke or cancel clouds thereon, or to establish a trust implied in law for his benefit. He prayed that any claim of Butane Service be declared subservient to his *914 own and held subject to a trust in law for his use and benefit, and that this appellee be compelled to convey whatever title it had to him. He also prayed that the conveyances under which the Sutherland trustees claimed be canceled as clouds upon his title and that his title be quieted and confirmed.
Perhaps appellant's pleadings in many respects should have been more specific, but, under our code, pleadings are liberally construed and every reasonable intendment indulged in behalf of the pleader. Craft v. Armstrong, 200 Ark. 681, 141 S. W.2d 39. Particular liberality is accorded the pleader on demurrer. If the facts stated in the pleadings together with every reasonable inference which may be drawn therefrom favorable to the pleader constitute the substance of a cause of action imperfectly stated, a demurrer should be overruled. Nelson v. Berry Petroleum Co., 242 Ark. 273, 413 S.W.2d 46. When we apply these standards, we conclude that appellant stated a cause of action against both appellees.

THE DEMURRER OF BUTANE SERVICE, INC.
We agree with this appellee that the lands are not sufficiently described in the contract of sale between it and Carney to entitle McKim to have specific performance of the contract, absent other circumstances making that relief available. The only description in the contract which relates, in any way, to real estate is the statement of the agreement of Butane Service to sell and of Carney to buy "all the assets of whatever kind and nature of Butane Service, Inc., an Arkansas Corporation, except accounts receivable, this sale including all equipment and property as well as inventory of merchandise, which equipment and property is more specifically listed in Schedule A. attached hereto and made a part hereof." The schedule was not exhibited. We do not agree with Butane Service, however, that the contract did not relate to real estate. One clause in the contract calls upon the sellers to execute all necessary and proper deeds and other instruments required by the purchaser in order to execute this contract to the buyer's requirements. Other actions by the sellers were to be performed at the time of the delivery of the deeds and other documents to complete the sale. Another clause required the sellers to prepare all necessary deeds and other instruments within 15 days of the date of contract and to tender them to the buyer "with possession of all said property of sellers, at which time said purchase price will be paid by buyer." The buyer was given the option of using the name, Butane Service, Inc., or Co. or Company or any similar combination. From the language of the contract, a construction that the parties intended to include any real estate owned by the seller as part of "all the assets of whatever kind and nature" would certainly not be unreasonable. Even so, we have held that similar descriptions are not sufficiently definite and certain to furnish an adequate key to identification to form the basis for specific performance. Bowlin v. Keifer, 246 Ark. ___, 440 S.W.2d 232 (1969); Turrentine v. Thompson, 193 Ark. 253, 99 S.W.2d 585.
This does not mean that there are not any circumstances under which a conveyance by Butane Service can be compelled. Even though a written contract is defective because of an insufficient description of property, it will still be specifically enforced in equity if it is established that the case is taken out of the statute of frauds and evidence supplies proof of the proper description. Hirschman v. Forehand, 114 Ark. 436, 170 S.W. 98. See also Stephens v. Ledgerwood, 216 Ark. 404, 226 S.W.2d 587. Thus, if under the allegations of his complaint, appellant can show that the real estate described in his complaint was an asset of Butane Service subject to transfer under the contract with Carney, and produce evidence to take the case out *915 of the statute of frauds, he might well prevail.
The fact that McKim's title is based entirely upon a quitclaim deed executed by Carney dated April 16, 1970, does not constitute an impediment to McKim's enforcement of whatever rights Carney may have had against Butane Service. McKim's deed from L-P Gas Co., the grantee in Carney's quitclaim, was a warranty deed. A contract of sale of real estate creates an equitable estate in the purchaser which is alienable by deed, subject to the lien of the vendor to secure the purchase money. Roach v. Richardson, 84 Ark. 37, 104 S.W. 538; Whittington v. Simmons, 32 Ark. 377. This equitable estate is assignable or transferable, at least in equity, by quitclaim deed. Corcorren v. Sharum, 141 Ark. 572, 217 S.W. 803. See also Whittington v. Simmons, supra; Lucado v. A. Hirsch & Co., 203 Ark. 792, 158 S.W.2d 697.
The vendor of real estate becomes a constructive trustee for the purchaser holding the naked legal title, which he or his heirs must convey to the purchaser upon payment of the purchase price. Stubbs v. Pitts, 84 Ark. 160, 104 S.W. 1110; State Bank of Decatur v. Sanders, 114 Ark. 440, 170 S.W. 86; Whittington v. Simmons, supra; Harris v. King, 16 Ark. 122; Arledge v. Rooks, 22 Ark. 427. Partial or full payment of consideration together with the taking of possession by the purchaser, however, is sufficient. Marshall v. McCray, 241 Ark. 184, 406 S.W.2d 863; Hyder v. Newcomb, 236 Ark. 231, 365 S.W.2d 271; Ferguson v. C. H. Triplett Co., 199 Ark. 546, 134 S.W.2d 538. Consideration paid by forgiveness of a debt of the seller to the purchaser, the surrender of dominion over the property by the seller to the purchaser and subsequent payments of taxes and other exercise of acts of ownership of lands have been held sufficient. Bostleman v. Henkle, 152 Ark. 628, 239 S.W. 30. Payment of consideration by cancellation of a debt of a seller to a purchaser followed by his continued payment of taxes on the property has also been held sufficient to take the case out of the statute of frauds. Henneberger v. Duncan, 204 Ark. 4, 161 S.W.2d 380.
McKim does not allege the specific acts which he claims constituted the actual or constructive possession of the lands by him and his predecessors in title, except for continuous payment of taxes. We take his allegations to be sufficient to permit introduction of evidence as to payment of taxes or any other acts of McKim or his predecessors in title indicating dominion and control or the exercise of ownership by him or his predecessors in title or the transfer of possession and dominion by appellee Butane Service to his predecessors in title. Such evidence, coupled with a showing of payment of the consideration called for by the contract, might well constitute sufficient part performance of the contract to take it out of the application of the statute of frauds and to warrant requiring Butane Service, Inc. to convey the title to the lands.
In this connection, the provisions of Ark.Stat.Ann. §§ 37-102 and 37-103 (Repl.1962), relied upon by appellant, may come into play. Under the former section, possession of unimproved and unoccupied lands is deemed to be in one who, with color of title, pays the taxes for at least seven years in succession. Under the latter, color of title is presumed where there has been payment for 15 years. See Burbridge v. Smyrna Baptist Church, 212 Ark. 924, 209 S.W.2d 685; Coulter v. O'Kelly, 226 Ark. 836, 295 S.W.2d 753. For the purposes of these acts, appellant's allegation that the lands are wild would normally bring them within the purview of these acts. We have acknowledged that the words "wild," "unimproved" and "unenclosed" have been used interchangeably. Schmeltzer v. Scheid, 203 Ark. 274, 157 S.W.2d 193. These statutes are not applicable, however, where two or more have adverse constructive possession. *916 Towson v. Denson, 74 Ark. 302, 86 S.W. 661. Constructive possession of wild and unimproved lands is usually deemed to be in the holder of the legal title. Hensley v. Phillips, 215 Ark. 543, 221 S.W.2d 412. But where neither party has actual possession, constructive possession is deemed to be in the holder of the superior title. Nall v. Phillips, 213 Ark. 92, 210 S.W.2d 806. This rule applies where the lands are wild and unimproved unless the holder of the inferior title has continuously paid the taxes for the statutory period. Smith v. Boynton Land & Lumber Co., 131 Ark. 22, 198 S.W. 107.
Appellee Butane Service, Inc. contends that the passage of time bars enforcement of its contract with Carney. This well may be the case, but the defenses of laches and the statute of limitations can be raised by demurrer only when they appear upon the face of the complaint. Quinn v. Stuckey, 229 Ark. 956, 319 S.W. 2d 839; Morehead v. Niven, 222 Ark. 116, 257 S.W.2d 361. Otherwise, both defenses must be raised by answer. Cullins v. Webb, 207 Ark. 407, 180 S.W.2d 835. When we consider appellant's amended complaint with the exhibits thereto, we find nothing to indicate that the statute of limitations has run. The time for performance is not fixed with sufficient definiteness for a bar by limitations to appear upon the face of the pleadings.
Laches depends upon more than mere lapse of time. It is delay that works to the disadvantage of another by change of circumstances or relations of the parties or loss of evidence and makes the enforcement of a claim inequitable. Stricklin v. Mitchell, 234 Ark. 31, 350 S.W.2d 319; Seawood v. Ozan Lumber Co., 221 Ark. 196, 252 S.W.2d 829; Mortensen v. Ballard, 209 Ark. 1, 188 S.W.2d 749; Cullins v. Webb, supra; Walker v. Norton, 199 Ark. 593, 135 S.W.2d 315. No such change appears upon the face of the pleadings.

DEMURRER OF SUTHERLAND TRUSTEES
We take McKim's complaint in this regard to state a cause of action to cancel certain instruments of record which constitute a cloud on the title he claims. In Arkansas, the chancery court has jurisdiction of such a proceeding both under statute and in the exercise of its inherent equity powers. See Covington, Bills to Remove Cloud on Title and Quieting Title in Arkansas, 6 Ark.L.Rev. 83, et seq. Such a suit may be brought by the holder of an equitable title. Bowling v. Stough, 101 Ark. 398, 142 S.W. 512; Morgan v. Kendrick, 91 Ark. 394, 121 S.W. 278. While there are cases holding that a plaintiff must be in possession in order to cancel a cloud on his title, or that he must be the holder of the legal title, jurisdiction will be exercised in equity where neither party is in possession or where the remedy at law is not adequate. Reynolds v. Plants, 196 Ark. 116, 116 S.W.2d 350; Fisk v. Magness, 193 Ark. 231, 98 S.W.2d 958; Chapman and Dewey Land Co. v. Bigelow, 77 Ark. 338, 92 S.W. 534, appeal dismissed, 206 U.S. 41, 27 S.Ct. 679, 51 L.Ed. 953. Holdings in this regard are perhaps best summarized in Rowe v. Allison, 87 Ark. 206, 112 S.W. 395, where we said:
Before a suit to remove cloud from title can be sustained by a plaintiff, he must show that he is in possession of the land, or that his title is an equitable one, or that the land is wild and unoccupied. Where a defendant is in possession, and the plaintiff asserts a legal title, a chancery court is without jurisdiction to remove the cloud upon it, as there is an adequate and complete remedy at law. But if other grounds for equity jurisdiction exist, which give the chancery court jurisdiction, it may proceed to administer complete relief, although a part of that relief is purely legal. Apperson & Co. v. Ford, 23 Ark. 746; Branch v. Mitchell, 24 Ark. 431; Sale v. McLean, 29 Ark. 612; Lawrence v. Zimpleman, 37 Ark. *917 643; Bryan v. Winburn, 43 Ark. 28; Mathews v. Marks, 44 Ark. 436; Ashley v. Little Rock, 56 Ark. 391, 19 S.W. 1058; Brown v. Bocquin, 57 Ark. 97, 20 S.W. 813; Brown v. Norvell, 74 Ark. 484, 86 S.W. 306; St. L. R. & W. G. Co. v. Thornton, 74 Ark. 383, 86 S.W. 852; Chapman & Dewey Land Co. v. Bigelow, 77 Ark. 338, 92 S.W. 534.
Appellant had no adequate remedy at law because it is well established that an equitable title is generally not sufficient to maintain ejectment. McCord v. Welch, 105 Ark. 119, 150 S.W. 566; Scott v. Rutherford, 243 Ark. 306, 419 S.W.2d 595. Of course, an equitable title coupled with the right to possession would support an action in ejectment. Faulkner v. Feazel, 113 Ark. 289, 168 S.W. 568. It may well be that evidence will show that McKim is entitled to possession so that he might have brought an ejectment suit, but the chancery court denied his motion to transfer to law after his demurrer was overruled, on the ground that McKim's allegations and prayer embraced an action cognizable only in equity and did not state a cause of action at law. We cannot say that on the face of the complaint he is not entitled to the equitable remedy to cancel the cloud on his title.
We have not overlooked such cases as Winkle v. School District No. 81, 215 Ark. 670, 221 S.W.2d 884 and Gibbs v. Bates, 150 Ark. 344, 234 S.W. 175. They are not applicable here, because the plaintiff in each case had a plain, adequate and complete remedy at law as the claimant under a legal, rather than an equitable, title.
Appellee asserts that McKim's allegations with reference to possession are contradictory in that he claims actual possession in himself and his predecessors in title, then alleges that appellees are in possession of the lands, and later alleges that they are wild. It may be that there is some inconsistency, but we must consider the complaint on demurrer in a light favorable to the pleader. When we do, we cannot say that appellant has failed to state a cause of action.
It is true that McKim did not deraign his title to the sovereignty of the soil or to a common source of title. In an action to quiet title such as this one, it is necessary that there be such deraignment or allegations showing title in him or his predecessors in title by adverse possession or by payment of taxes. See Coulter v. O'Kelly, 226 Ark. 836, 295 S.W.2d 753; Griffin v. Isgrig, 227 Ark. 931, 302 S.W.2d 777; Collins v. Heitman, 225 Ark. 666, 284 S.W.2d 628. If McKim is relying upon adverse possession his allegations appear to be sufficient. If not, the defect is not one that is reached by a demurrer but is properly subject to a motion to require his complaint to be made more definite and certain. However loosely drawn a complaint in equity may be, there is no ground for demurrer if a cause of action is stated, however defectively, when every allegation and every inference reasonably deducible therefrom are considered. Shreve v. Carter, 177 Ark. 815, 8 S.W.2d 443. Any lack of specificity or other defect should be reached, at least in equity, by a motion to make the complaint more definite and certain. Ford v. Collison, 128 Ark. 119, 193 S.W. 531; Shreve v. Carter, supra. The rule is different in an action in ejectment, because of statutory requirement. Ark. Stat.Ann. § 34-1408 (Repl.1962); Scott v. Rutherford, 243 Ark. 306, 419 S.W.2d 595.
Since we find that the complaint states a cause of action when tested on demurrer, the decree is reversed and the cause remanded for further proceedings.