## McALISTER v. HARNESS.

### Opinion delivered November 24, 1913.

EJECTMENT—COMPLAINT—NECESSARY ALLEGATIONS. — Where plaintiffs' complaint in an action in ejectment does not set out how, or by what right they claim possession of the land in controversy, the complaint will be held bad under Kirby's Digest, § 2742, which requires plaintiffs in an action in ejectment to set out in their complaint facts, showing *prima facie* title in themselves.

Appeal from Van Buren Circuit Court; *J. W. Meeks*, Judge; affirmed.

STATEMENT BY THE COURT.

This is an action in ejectment and the recitals of the complaint are as follows: The plaintiffs, by permission of the court, file this their amended complaint, and for cause of action against the defendant herein say:

That they are the owners in fee simple, and entitled to the immediate possession of, the west half of the southwest quarter of section thirty-three (33), township ten (10) north, range thirteen (13) west, in Van Buren County, Arkansas, containing eighty acres, more or less.

Plaintiffs derive and claim title in the said land, as follows: On the first day of March, 1859, the United States of America issued to Katherine H. Davis patent certificate No. 16140 for the southwest quarter of the southwest quarter of said section thirty-three (33); and on the 10th day of August, 1859, the United States of America issued to Katherine H. Davis patent certificate No. 16916 for the northwest quarter of the southwest quarter of said section thirty-three (33).

Said patent certificate No. 16140 is filed herewith as

exhibit "A" to this amended complaint, and asked to be taken as a part hereof. Said patent certificate No. 16916 .was duly filed in the office of the circuit court clerk and recorder of Van Buren County, Arkansas, and the original is not in the possession of these plaintiffs and can not be produced, but a certified copy thereof is filed herewith and marked exhibit "B" to this amended complaint and asked to be taken as a part hereof.

On the .... day of ......, 1871, the said Celia McAlister, being then the owner and in the actual possession of the said land, made, executed and delivered to. P. J. Rollow a lease in writing, conveying, leasing and letting to the said P. J. Rollow all of the said land, for and during the term of her natural life, and placed said Rollow in possession thereof. In said lease it .was stipulated, covenanted and agreed that at the death of the said Celia McAlister, said P. J. Rollow, his heirs and assigns should immediately, and without process of law, deliver up said land to the said Celia M. McAlister, or to her heirs and assigns.

Said P. J. Rollow occupied and used said lands under the lease aforesaid for a few years, when he assigned the same to some person or persons to the plaintiffs unknown.

The said Celia McAlister departed this life intestate in the year 1909.

The defendant, John D. Harness, is in the unlawful possession of the said land, and has unlawfully occupied, held and used the same for more than three years last past.

The rental value of the said land is three hundred dollars ($300). per annum.

Wherefore, plaintiffs pray judgment for the recovery of said land, and for the possession thereof, and the sum of nine hundred dollars ($900), their damages for said use and occupation thereof, and for their costs and all other proper relief.

The transcript does not contain the original complaint, and we do not know what its recitals were, although a writ of *certiorari* was granted by the clerk

of this court to correct the record by showing that the amended complaint was dismissed by the court below.

The appellee demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action and the complaint was dismissed as shown by the return of the circuit clerk upon the writ of *certiorari* and this appeal was prosecuted from that order of the court.

*Appellants, pro se.*

*Garner Fraser,* for appellee.

1. The demurrer was properly sustained, because the complaint entirely fails to comply with the requirements of the latter part of the statute controlling in this action. Kirby's Dig., § 2742; 31 Ark. 523; 52 Ark. 298; 53 Ark. 451-453; 43 Ark. 299-305; 73 Ark. 221.

2. The complaint alleges seizin in a person other than the plaintiffs, but fails to derive or deraign title from that person to plaintiffs. 21 Enc. Pl. & Pr. 728, 729; Stephen on Pleadings, Tyler's edition, 291.

3. Where a plaintiff undertakes to set forth the particular facts on which his title rests, he must allege all that he could have been called upon to prove under his general averment. 18 Cal. 478; 6 Ia. 439; 9 Minn. 34; 82 Cal. 9.

Smith, J., (after stating the facts). Section 2742, Kirby's Digest, reads as follows: "In all actions for the recovery of lands, except in actions of forcible entry and unlawful detainer, the plaintiff shall set forth in his complaint all deeds and other written evidence of title on which he relies for the maintenance of his suit, and shall file copies of the same as far as they can be obtained, as exhibits therewith, and shall state such facts as shall show *prima facie* title in himself to the land in controversy, and the defendant in his answer shall plead in the same manner as above required from the plaintiff.

The recitals of this complaint give appellants no right to recover. All the allegations of the complaint may be true and yet make no *prima facie* right in appellants entitling them to recover the possesion of the land.

While we construe pleadings liberally, no charity in construction can excuse this total failure of allegations. There is not a hint nor a suggestion in the complaint as to who the plaintiffs are, or by what right they claim. They do not plead title by descent, nor by purchase, nor by operation of law. No explanation is offered of appellants' failure to amend their complaint, and we can not surmise what amendments might have been made. It is unnecessary to notice other defects in the complaint.

The judgment is affirmed.