JONES *v.* HARRIS.

5-17                                      255 S. W. 2d 691

Opinion delivered March 9, 1953.

*Claude F. Cooper* and *Gene Bradley,* for appellant.

*A. F. Barham* and *Henry J. Swift,* for appellee.

J. SEABORN HOLT, J.   Appellants question the judgment of the trial court sustaining appellees' demurrer to their complaint, on the ground that it failed to state facts sufficient to constitute a cause of action.   The suit was in ejectment.

All allegations contained in the complaint that are well pleaded must be presumed to be true.   It alleged, in effect: ''That it is a partnership composed of E. R. Jones and Lee Wilson & Company, a corporation, doing business as Delta Lumber Company, with its principal place of business at Blytheville, Arkansas.   That it is the owner in fee and entitled to the immediate possession of the following described land located in the Chickasawba District of Mississippi County, Arkansas:   Lot Five (5) Block Seven (7) Chicago Mill and Lumber Company's Third Addition to the City of Blytheville, Arkansas.

"That on the 6th day of July, 1926, said Enoch Chappel A.M.E. Church, acting through its then trustees executed and delivered to East Arkansas Lumber Company their deed of trust securing an indebtedness of $6,527.25 of even date therewith; . . . a copy of which is marked Exhibit 'A' and made a part hereof."

That on September 20, 1930, said deed of trust was foreclosed, the lot sold to East Arkansas Lumber Company, and deed to it made and approved by the Court. Copies of the Deed of Trust as Exhibit "A," the Foreclosure Decree as Exhibit "B," and the Commissioner's Deed and order approving same as Exhibit "C," were all made a part of the complaint.

The complaint further alleged: "That on November 22, 1932, in the District Court of the United States for the Eastern District of Arkansas, Western Division, said East Arkansas Lumber Company was adjudged bankrupt by order of said court, . . . which is attached hereto and marked Exhibit 'E' and made a part hereof.

"That after notice to creditors, the Referee in Bankruptcy sold all of the assets of said bankrupt at public sale to J. E. McCadden, and the said J. E. McCadden as Trustee assigned, all his rights to said bidder to East Arkansas Builders Supply Company; said sale was by order of said U. S. District Court confirmed . . ., a copy of which is marked Exhibit 'F' and made a part hereof.

"That on May 21, 1947, by Quitclaim Deed, . . . East Arkansas Builders Supply Company conveyed said realty to Delta Lumber Company, a partnership composed of E. R. Jones and Lee Wilson & Company, a copy of said deed is attached hereto and marked Exhibit 'G' and made a part hereof."

In Exhibit "E" above, adjudicating East Arkansas Lumber Company a bankrupt, a receiver was appointed for the assets and properties of the estate of said bankrupt, and the said bankrupt was directed to turn over all of its assets wherever located to its receiver.

Exhibit "F" above, and as indicated made a part of the complaint, contains this recital: "Application having been made by the Trustee herein for the sale of the following described property to-wit:" Then follows some five pages of listed and described assets grouped under three divisions, A, B, and C, and the further recital: "And notice of the proposed sale having been given thereon, as provided by Section 58-A (4) of the Bankruptcy Laws of 1898 and no objection having been made to said sale and the same having then taken place and all the property (except the list hereinabove designated as list 'C') having been sold to J. E. McCadden, trustee, and the said J. E. McCadden, trustee, having assigned his rights under said bid to the East Arkansas Builders Supply Company, a corporation organized under the laws of the State of Arkansas; all the property hereinabove described and designated as List 'C' having been sold to Irving K. Weil, . . . now, on motion of the said Emmet Morris, trustee, it is ordered that such sales be and the same are hereby confirmed."

As above alleged in the complaint, on May 21, 1947, East Arkansas Builders Supply Co. executed a Quitclaim Deed to the above Lot 5, Block 7, to appellant, Delta Lumber Company.

On the above undisputed record we hold that the trial court correctly sustained appellees' demurrer.

As indicated, this is an ejectment suit, and before appellant can recover, he must show a *prima facie* title to the lot, here in question, in accordance with the provisions of § 34-1408, Ark. Stats. 1947, which provides: "Hereafter in all actions for the recovery of lands. . . . the plaintiff shall set forth in his complaint all deeds and other written evidences of title on which he relies for the maintenance of his suit, and shall file copies of the same as far as they can be obtained, as exhibits therewith, and shall state such facts as shall show a *prima facie* title in himself to the land in controversy, and the defendant in his answer shall plead in the same manner as above required from the plaintiff."

Under this statute, the recitals in the complaint do not give appellants the right to recover. All the allegations of the complaint may be true and yet make no *prima facie* right in appellants entitling them to recover. It appears clear that appellants' claim to title must rest on the provisions of the order declaring East Arkansas Lumber Company bankrupt (Exhibit "E") and the order of sale and confirmation (Exhibit "F") of certain assets of the bankrupt to McCadden, trustee, and from McCadden to East Arkansas Builders Supply Company, which in turn conveyed the lot here in question by Quitclaim Deed to appellant, Delta Lumber Company. Nowhere in either of these exhibits is Lot 5, Block 7, here in question, included, listed, described, or sold to any one, nor do these instruments contain any provision selling all of the property in the hands of the trustee, whether described therein or not. Appellant's grantor, East Arkansas Builders Supply Company, therefore had acquired no title to the lot here in question to convey. Under the above statute, his right to recover must be founded on the written instruments exhibited and made a part of the complaint. These exhibits became the foundation of his cause of action, in the circumstances.

We held in *McAlister* v. *Harness,* 110 Ark. 293, 161 S. W. 185: (Headnote) "EJECTMENT—COMPLAINT—NECESSARY ALLEGATIONS.—Where plaintiffs' complaint in an action in ejectment does not set out how, or by what right they claim possession of the land in controversy, the complaint will be held bad under Kirby's Digest, § 2742, (now § 34-1408, above) which requires plaintiffs in an action in ejectment to set out in their complaint facts, showing *prima facie* title in themselves."

Affirmed.

WARD, Justice, dissenting. My dissent to the majority opinion is based on the following:

1. As the opinion shows, an affirmance could not be justified without taking into consideration the exhibits to the complaint.

720

2. This being a suit in ejectment in circuit court the exhibits to the complaint cannot be considered as a part of the pleadings.

In *Cairo & Fulton Ry. Co.* v. *Parks*, 32 Ark. 131, the sufficiency of a complaint in ejectment was tested by demurrer and the court held an exhibit to the complaint was no part of the pleadings. The court said: "Counsel are mistaken in supposing that the deed, though referred to as an exhibit, thereby becomes a part of the pleadings; such is not the case."

*Foster* v. *Elledge*, 106 Ark. 342, 153 S. W. 819, was an ejectment suit in circuit court. At page 345 the court said: "The exhibits to the pleadings are not evidence in the case, as such exhibits, and, upon the trial, as already said, the burden of proof would have developed upon appellee to show that the lands had passed by proper conveyance away from the ancestor of the appellants, . . ."

Judge Robinson joins in this dissent.